MITCHELL STIPP, ESQ.
Nevada Bar No. 7531
**LAW OFFICE OF MITCHELL STIPP, P.C.**
1180 N. Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Telephone: (702) 602-1242
Email: mstipp@stipplaw.com

*[Proposed] Co-Counsel for*
*Debtor and Debtor In Possession*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NUVEDA, LLC, a Nevada limited liability company,<br>                              Debtor. | Case No. BK-22-11249-abl<br><br>Chapter 11 (Subchapter V)<br><br>**APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF LAW OFFICE OF MITCHELL STIPP, P.C. AS THE DEBTOR'S CO-COUNSEL, EFFECTIVE AS OF THE PETITION DATE**<br><br>Hearing Date:  June 29, 2022<br>Hearing Time:  1:30 p.m. |

NuVeda, LLC (the "Debtor"), debtor and debtor in possession in the above-referenced chapter 11 bankruptcy case (the "Chapter 11 Case"), respectfully submits this application (the "Application") for an order pursuant to sections 327(a), 328, and 1184 of title 11 of the United States Code, §§ 101 *et. seq.* (the "Bankruptcy Code"), and Rules 2014(a), 2016, 5002 and 9034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing Debtor to retain and employ the Law Office of Mitchell Stipp, P.C. (the "Stipp Firm") as co-counsel for the Debtor, effective as of April 11, 2022 (the "Petition Date").

1

In support of this Application, the Debtor relies on the Declaration of Pejman Bady (the "Bady Declaration") and the Verified Statement of Mitchell Stipp (the "Stipp Statement"). In addition, Debtor respectfully represents and shows as follows:

## I.

## GENERAL BACKGROUND

1. On the Petition Date, the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code in this Court.

2. The Debtor has continued and is operating and managing its business as a debtor in possession pursuant to Bankruptcy Code section 1184.

3. On April 14, 2022, Edward M. Burr was appointed as Subchapter V Trustee for the Debtor. [Docket No. 10]

4. No request has been made for the appointment of a chapter 11 trustee or examiner.

## II.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.

## RELIEF REQUESTED

6. By this Application, the Debtor seeks an order pursuant to Bankruptcy Code sections 327(a), 328 and 1184, and Bankruptcy Rules 2014(a), 2016, 5002 and 9034 authorizing the retention and employment of the Stipp Firm as co-counsel for the Debtor effective as of the Petition Date.

## IV.

## SCOPE OF EMPLOYMENT

6. The Debtor requires the services of the Stipp Firm to enable the Debtor to fulfil its duties as a debtor and debtor in possession and to preserve and maximize the value of the Debtor's estate for all stakeholders. The Debtor proposes to retain the Stipp Firm on the terms described in this

2

Application.

7.      The Debtor has separately filed a retention application for the Law Office of Nathan A. Schultz, P.C. (the "Schultz Firm") to serve as the Debtor's co-counsel. [Docket No. 32]. The Stipp Firm and the Schultz Firm have taken appropriate steps and coordinated their efforts to avoid unnecessary duplication of efforts. In particular, the Schultz Firm will be focused on bankruptcy-related matters, whereas the Stipp Firm will be focused on non-bankruptcy related matters (in addition to handling local counsel requirements).

8.      In particular, the Debtor anticipates that it will call on the Stipp Firm to support the Schultz Firm in connection with the following legal services:

(a)     advising the Debtor with respect to its powers and duties as a debtor and debtor in possession in the continued management and operation of its business;

(b)     communicating and negotiating with representatives of creditors and other parties in interest, and advising and consulting on the conduct of the Chapter 11 Case, including all of the legal and administrative requirements of operating in subchapter V of chapter 11;

(c)     taking necessary action to protect and preserve the Debtor's estate,

(d)     preparing on behalf of the Debtor requested motions, applications, answers, orders, reports and papers necessary to the administration of the estate;

(e)     advising the Debtor in connection with post-petition financing, any potential sale of assets, and the preparation of a plan of reorganization;

(f)     appearing before this Court; and

(g)     performing as requested all other necessary legal services and providing other necessary legal advice to the Debtor in connection with the Chapter 11 Case.

9.      The Debtor requires knowledgeable counsel to render these essential professional services. The Stipp Firm has substantial business and legal experience representing clients in complex

business transactions and disputes in the state and federal courts in Nevada (including the Debtor before the Eighth Judicial District Court, State of Nevada, in disputes with creditors of Debtor). Accordingly, the Debtor respectfully submits that the Stipp Firm is well qualified to represent the Debtor's interests in the Chapter 11 Case.

## V.

## QUALIFICATIONS

7. The Debtor selected the Stipp Firm to serve as co-counsel to the Schultz Firm because of Mr. Stipp's extensive experience and knowledge in the field of complex business transactions and disputes.

8. The Stipp Firm is well suited for its representation of the Debtor. A copy of Mr. Stipp's curriculum vitae ("CV") is attached to the Stipp Statement as Exhibit A.

9. As indicated in the CV, Mr. Stipp's practice has focused extensively on complex business matters (including matters involving bankruptcy), and the vast majority of his more than 20 years in practice has been spent representing clients in complex business transactions and litigation of related disputes.

10. Accordingly, the Debtor believes that the appointment of the Stipp Firm as Debtor's co-counsel is in the best interest of the Debtor and its estate.

## VI.

## DISINTERESTEDNESS

11. To the best of the Debtor's knowledge, information and belief, other than as may be set forth herein or in the Stipp Statement and exhibits attached thereto, the Stipp Firm does not hold or represent any interest adverse to the Debtor or the Debtor's estate, and each of the Stipp Firm and Mr. Stipp is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14) and used in Bankruptcy Code section 327(a), in that:

    a. The Stipp Firm and Mr. Stipp:

        i. are not creditors or insiders of the Debtor;

        ii. are not and were not, within two years before the date of this application, a director, officer, or employee of the Debtor, as specified in subparagraph (c) of 11 U.S.C. §101(14); and

   iii. do not hold an interest materially adverse to the interest of the estate or of any class of creditors or equity holders.

 b. The Stipp Firm and Mr. Stipp do not represent or otherwise have other material connections with the Debtor, its creditors, any other party in interest, or its respective attorneys and accountants, other than that:

   i. Mr. Stipp represents Debtor, the members/managers of Debtor and their respective affiliates and related parties in cases before the Eighth Judicial District Court, State of Nevada and Nevada's appellate courts; and

   ii. The Stipp Firm and the Schultz Firm have worked together on other matters not involving the Debtor and may continue to do so.

 c. The Stipp Firm and Mr. Stipp do not have any connection with the judge of this Court, the United States Trustee for Region 17 or any person employed in the Office of the United States Trustee for the District of Nevada.

12. The Debtor understands that from time to time, the Stipp Firm or Mr. Stipp or firms with which Mr. Stipp previously was affiliated may have represented parties adverse to certain creditors or parties in interest in the Chapter 11 Case on unrelated matters, but the Stipp Firm is not currently aware of any such representations.

13. The Debtor understands that from time to time, the Stipp Firm or Mr. Stipp may be engaged by a party in interest, or a firm representing a party in interest, in matters entirely unrelated to the Debtor and its estate, but the Stipp Firm is not currently aware of any such engagement.

14. As of the Petition Date, neither the Stipp Firm nor Mr. Stipp had any claim against the Debtor.

### VII.
### COMPENSATION

15. The Stipp firm was retained by the Debtor on April 7, 2022.  The Stipp Firm received an advance retainer deposit of $73,857.00 in connection with this engagement, which was paid by Dr. Pejman Bady.

16. Prior to the commencement of this Chapter 11 Case, the Stipp Firm incurred $5,000.00 in fees assisting the Debtor with its preparations to seek relief under subchapter V of Chapter 11 of the Bankruptcy Code. After reduction for this prepetition amount, the Stipp Firm is holding a balance of $68,857.00 as a retainer for post-petition services.

17. Neither the Stipp Firm nor Mr. Stipp has received any compensation from the Debtor in the ninety (90) days prior to the Petition Date.

18. The Debtor has agreed to pay the Stipp Firm's professional fees on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Stipp Firm.

19. The Debtor agreed to compensate the Stipp Firm for Mr. Stipp's time at an hourly rate of $325.00.

20. There is no agreement of any nature as to the sharing of compensation to be paid to the Schultz Firm.

21. The Stipp Firm will seek compensation for its fees and expenses incurred on behalf of Debtor from the Debtor's estate, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court, District of Nevada, the United States Trustee Guidelines, and any applicable rules or orders of this Court. It is the Stipp Firm's policy to charge, in all areas of practice, for all expenses incurred in connection with a particular representation; including, among other things, travel expenses, computerized legal research charges and other computer services, and telecopier charges. The Stipp Firm will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to its other clients. The Stipp Firm believes that it is more accurate and efficient to charge these expenses to the particular matter involved rather than increasing the hourly rates and spreading the expenses among all clients.

## VIII.

## NOTICE

22. Notice of this Application has been served on (i) the Office of the United States Trustee; (ii) the parties on the Debtor's creditor matrix; and (iii) any parties who have requested notice in the Chapter 11 Case. The Debtor respectfully submits that such notice is appropriate under the

circumstances and that no other or further notice is necessary or required.

## IX.

## NO PRIOR APPLICATION

23. No previous application for the relief requested herein has been made to this Court or any other court.

## X.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of an order authorizing the relief requested herein, substantially in the form attached hereto as Exhibit 1, and granting the Debtor such other and further relief as is just and proper

DATED this 25th day of May, 2022.

**NuVeda, LLC,** a Nevada limited liability company

By _____/s/Pejman Bady_____
      Pejman Bady, Manager

Respectfully submitted by:

**LAW OFFICE OF MITCHELL STIPP, P.C.**

By: _____/s/Mitchell Stipp_____
    MITCHELL STIPP, ESQ.
    Nevada Bar No. 7531
    1180 N. Town Center Drive, Suite 100
    Las Vegas, Nevada 89144

*[Proposed] Co-Counsel for Debtor and Debtor in Possession*

**EXHIBIT 1**
**PROPOSED ORDER**

MITCHELL STIPP, ESQ.
Nevada Bar No. 7531
**LAW OFFICE OF MITCHELL STIPP, P.C.**
1180 N. Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Telephone: (702) 602-1242
Email: mstipp@stipplaw.com

*[Proposed] Co-Counsel for*
*Debtor and Debtor In Possession*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUVEDA, LLC, a Nevada limited liability company,<br>Debtor. | Case No. BK-22-11249-abl<br><br>Chapter 11 (Subchapter V)<br><br>**ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF LAW OFFICE OF MITCHELL STIPP, P.C. AS THE DEBTOR'S CO-COUNSEL, EFFECTIVE AS OF THE PETITION DATE** |

The Court, having reviewed and considered the (i) Application for an Order Authorizing Retention and Employment of the Law Office of Mitchell Stipp, P.C. (the "Stipp Firm") as Debtor's Co-Counsel, Effective as of the Petition Date (the "Application"),[1] filed by NuVeda, LLC (the "Debtor"), debtor and debtor in possession in the above-referenced chapter 11 bankruptcy cases (the "Chapter 11 Case"), (ii) the Verified Statement of Mitchell Stipp Pursuant to 11 U.S.C. § 329 and

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Application.

1

Fed. R. Bankr. P. 2014 and 2016 Filed in Support of the Application (the "Stipp Statement"), and (iii) the Declaration of Pejman Bady in support of the Application (the "Bady Declaration"); and with all other findings set forth in the record at the hearing noted above incorporated herein, pursuant to Fed. R. Bankr. P. 7052; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that venue of the Chapter 11 Case and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); the Court hereby finds (1) notice of the Application was good and sufficient as provided therein and under the circumstances; (2) the Stipp Firm (a) does not represent any other entity having an interest materially adverse to the interests of the Debtor in connection with the Chapter 11 Case, (b) is a "disinterested person" within the meaning of 11 U.S.C. § 101(14), and (c) being employed as the Debtor's co-counsel is necessary and in the best interests of Debtor and its estate; and (3) good cause exists to approve the retention and employment of the Stipp Firm on the terms set forth in the Application.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Application is GRANTED in all respects.

2. Pursuant to 11 U.S.C. § 327(a) and Rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure, the Debtor is authorized to retain and employ the Stipp Firm as co-counsel for Debtor effective as of the Petition Date, to perform the services and on the terms as set forth in the Application.

3. The Stipp Firm shall be compensated from the Debtor's estate in accordance with the procedures set forth in the Application, 11 U.S.C. §§ 330 and 331, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the District of Nevada and such other procedures as may be fixed by Orders of this Court.

4. The Stipp Firm is disinterested as that term is defined in Bankruptcy Code section 101(14) and used in Bankruptcy Code section 327(a).

5. The terms of this Order shall be immediately effective and enforceable upon its entry.

2

Prepared and respectfully submitted by:
**LAW OFFICE OF MITCHELL STIPP, P.C.**

By: /s/Mitchell Stipp
 MITCHELL STIPP, ESQ.
 Nevada Bar No. 7531
 1180 N. Town Center Drive, Suite 100
 Las Vegas, Nevada 89144

*[Proposed] Co-Counsel for Debtor and Debtor in Possession*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By
 Edward M. McDonald Jr.
 Trial Attorney for Tracy Hope Davis,
 United States Trustee
 Foley Federal Building
 300 Las Vegas Boulevard South, Suite 4300
 Las Vegas, Nevada 89101

3

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

- ☐ The Court has waived the requirement of approval in LR 9021(b)(1).
- ☐ No party appeared at the hearing or filed an objection to the motion
- ☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    EDWARD M. MCDONALD JR.,
    OFFICE OF THE UNITED STATES
    TRUSTEE

    ___Approved / Disapproved___         _____

- ☐ I certify that this is a case under Chapter 7 or 13, that I has served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

### #