MITCHELL STIPP, ESQ.
Nevada Bar No. 7531
**LAW OFFICE OF MITCHELL STIPP, P.C.**
1180 N. Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Telephone: (702) 602-1242
Email: mstipp@stipplaw.com

*[Proposed] Co-Counsel for*
*Debtor and Debtor In Possession*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NUVEDA, LLC, a Nevada limited liability company,<br>                    Debtor. | Case No. BK-22-11249-abl<br><br>Chapter 11 (Subchapter V)<br><br>**VERIFIED STATEMENT OF MITCHELL STIPP IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF LAW OFFICE OF MITCHELL STIPP, P.C. AS THE DEBTOR'S CO-COUNSEL, EFFECTIVE AS OF THE PETITION DATE**<br><br>Hearing Date:  June 29, 2022<br>Hearing Time:  1:30 p.m. |

Mitchell Stipp, the president of the Law Office of Mitchell Stipp P.C., engaged in the practice of law, submits the following verified statement (the "Stipp Statement") in accordance with sections 327, 329 and 1184 of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016 and 5002, and being duly sworn, deposes and declares under the penalty of perjury:

    1.    I am over the age of 18, am mentally competent, have personal knowledge of the facts in this matter, except where stated as based upon information and belief, and if called upon to testify, could and would do so.

    2.    I am the president of the Law Office of Mitchell Stipp, P.C. (the "Stipp Firm"), which maintains offices at 1180 N. Town Center Drive, Suite 100, Las Vegas, Nevada 89144.

3. I make this verified statement in support of the Application for Order Authorizing Retention and Employment of the Law Office of Mitchell Stipp, P.C. as the Debtor's Co-Counsel, Effective as of the Petition Date (the "Application") filed by NuVeda, LLC. (the "Debtor"), debtor and debtor in possession in the above-captioned chapter 11 cases (the "Chapter 11 Case").[1]

4. Pursuant to Bankruptcy Rules 2014 and 9034, I understand that a copy of this Statement will be contemporaneously transmitted to the Office of the United States Trustee (the "UST") with this filing.

5. My *curriculum vitae* ("CV") is attached hereto as Exhibit A.

6. As indicated in my CV, my practice has focused extensively on complex business transactions and litigation (including matters involving the Bankruptcy Code).

7. I have worked on several bankruptcy matters in Nevada.

8. The Stipp Firm was retained by the Debtor on April 7, 2022. The Stipp Firm received a retainer deposit of $73,857.00 in connection with this engagement, which was paid by Dr. Pejman Bady (who is a managing member of Debtor).

9. Prior to the commencement of this Chapter 11 Case, the Stipp Firm incurred $5,000.00 in fees assisting the Debtor with its preparations to seek relief under subchapter V of Chapter 11 of the Bankruptcy Code. After reduction for this prepetition amount, the Stipp Firm is holding a balance of $68,857.00 as a retainer for post-petition services.

10. Stipp Firm and I have not received any compensation from the Debtor in the ninety (90) days prior to the Petition Date, except from Dr. Bady.

11. To the best of my knowledge, except as otherwise set forth herein, Stipp Firm and I do not hold or represent any interest adverse to the Debtor or the Debtor's estate, and Stipp Firm and I are each a "disinterested person" as that term is defined in Bankruptcy Code section 101(14) and as used in Bankruptcy code section 327(a), in that:

    a) Stipp Firm and I:

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed in the Application.

2

      i. are not creditors or insiders of the Debtor;

      ii. are not and were not, within two years before the Petition Date, a director, officer, or employee of the Debtor, as specified in subparagraph (c) of 11 U.S.C. § 101(14); and

      iii. do not hold an interest materially adverse to the interest of the estate or of any class of creditors or equity holders.

b) Stipp Firm and I do not represent or otherwise have other material connections with Debtor, its creditors, any other party in interest, or its respective attorneys and accountants, other than the following:

      i. Stipp Firm and I represent the Debtor, the members/managers of Debtor, and their respective affiliates and related parties in cases before the Eighth Judicial District Court, State of Nevada, and Nevada's appellate courts; and

      ii. The Stipp Firm, the Schultz Firm and their respective attorneys have worked together on other matters not involving the Debtor and may continue to do so.

12. To the best of my knowledge, Stipp Firm and I have no connection with any judge of this Court, the United States Trustee for Region 17 or any person employed in the Office of the United States Trustee for the District of Nevada.

13. To the best of my knowledge, except as set forth in paragraph 11, Stipp Firm and I have not previously represented the Debtor, or its owners, officers, or directors.

14. From time to time, Stipp Firm and/or firms with which I previously was affiliated may have represented parties adverse to certain creditors in the Chapter 11 Case on unrelated matters, but I am not currently aware of any such representations.

15. From time to time, Stipp Firm or I may be engaged by a party in interest, or a firm representing a party in interest, in matters entirely unrelated to the Debtor and its estate, but I am not currently aware of any such engagement.

16. As of the Petition Date, Stipp Firm and I do not have any claim against the Debtor.

17. The Stipp Firm will seek compensation for its fees and expenses incurred on behalf of the Debtor, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court, District of Nevada, the United States Trustee Guidelines, and any applicable rules or orders of this Court, from the Debtor's estate.

18. It is the Stipp Firm's policy to charge, in all areas of practice, for all expenses incurred in connection with a particular representation; including, among other things, travel expenses, computerized legal research charges and other computer services, and telecopier charges. The Stipp Firm will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to its other clients. The Stipp Firm believes that it is more accurate and efficient to charge these expenses to the particular matter involved rather than increasing the hourly rates and spreading the expenses among all clients.

19. There is no agreement of any nature as to the sharing of compensation to be paid to the Stipp Firm by the Debtor.

20. I believe that the Schultz Firm and the Stipp Firm have taken appropriate steps and coordinated their efforts to avoid unnecessary duplication of efforts. In particular, the Schultz Firm will be focused on bankruptcy-related matters, whereas the Stipp Firm will be focused on non-bankruptcy related matters (in addition to handling local counsel requirements).

21. No previous application for the relief requested in the Application has been made to this Court or any other court.

22. I verify under penalty of perjury that the foregoing statement is true and correct to the best of my information, knowledge and belief.

Executed this 25th day of May 2022, at Las Vegas, Nevada

By  /s/   Mitchell Stipp
       Mitchell Stipp

**EXHIBIT A**

*Curriculum Vitae*

# MITCHELL STIPP

1180 N. Town Center Drive, Suite 100,
Las Vegas, Nevada 89144
T: 702.602.1242   F: 866.220.5332
www.stipplaw.com

## Work History

*Law Clerk*, U.S. Small Business Administration, Office of General Counsel, Financial Law.
*Law Clerk*, Superior Court of the District of Columbia, Associate Judge Reggie B. Walton.
*Associate*, Large Transactional/Commercial Litigation/Land Use-Government Affairs Law Firm.
*Chief Operating Officer/General Counsel*, Commercial Real Estate Developer/Contractor.
*Real Estate Consultant,* Joint Venture with CPA.
*Independent Contractor*, Law Firms.
*Solo Practitioner*, Law Office of Mitchell Stipp.

## Experience

*Solo Practitioner*, July 2008-Present.  Represent clients on business, real estate, and entertainment (A/V production and equipment) law matters, mergers and acquisitions, joint ventures, asset purchases/sales, restructurings/bankruptcy, private equity and venture capital, underwritten and syndicated offerings, commercial finance and syndicated lending, corporate governance, entity formation and state/local regulatory compliance.  I also represent clients in real estate and business disputes, judgment creditors in collection matters, and advise debtors and creditors in bankruptcy cases and adversary proceedings.

*Independent Contractor,* April 2012-May 2013.  Represented future construction defects representative ("FCR") in the Chapter 11 bankruptcy of a local homebuilder.  I performed the following: (a) assisted the FCR in the investigation and evaluation of the number and extent of potential claims that could be asserted against debtor by the class of individuals that comprised the future construct defect claimants; (b) assisted the FCR in the employment of such experts or other professional persons as was required in order to best determine such figures; (c) assisted the FCR in the filing of proofs of claim on behalf of such future construction defect claimants prior to the claims bar date; (d) assisted the FCR in the negotiation on behalf of future construction defect claimants in the formulation, finalization and confirmation of debtor's plan of reorganization; (e) assisted the FCR in advocating the legal position of the future construction defect claimants in proceedings before the bankruptcy court; (f) assisted the FCR in the presentation of evidence on issues affecting the future construction defect claimants; and (g) assisted the FCR in filing such pleadings in the Chapter 11 case as were necessary and appropriate on behalf of the future construction defect claimants.

*Real Estate Consultant*, July 2008-April 2012. Advised commercial debtors concerning Chapters 7 and 11 bankruptcy petitions and workouts of real estate loans and other financing arrangements, restructuring of real estate joint ventures and partnerships, and the acquisition, sale, development, construction and leasing of distressed commercial, residential and mixed-use

property. I provided additional consulting services in the areas of management, finance and litigation relating to the business of real estate development and construction.

*Chief Operating Officer and General Counsel*, December 2003-July 2008. Directed the executive team responsible for managing the affiliated developer, general contractor, subcontractors (electrical, landscaping, excavation, grading and underground utilities), and special purpose real estate entities in connection with the acquisition, sale, financing, development, construction, leasing and property management of multiple real estate projects. I also supervised and provided consultation to management on strategic staffing plans, compensation, benefits, training and development, budgets, preparation of employment manuals, employment contracts, and labor relations.

*Associate,* August 2000-December 2003. Member of real estate, corporate and securities transactional practice groups. I represented several of the largest residential and commercial developers, business operators, and regional and national lenders. This work included handling all legal aspects of commercial and residential projects, such as shopping centers, office buildings, cooperatives, condominiums, single-family subdivisions and master-planned communities. I also advised public and privately held companies on mergers and acquisitions, corporate restructurings, private equity and venture capital, underwritten and syndicated offerings, commercial finance and syndicated lending, and general corporate matters (including entity formation and state/local regulatory compliance).

## Education

AMERICAN UNIVERSITY, WASHINGTON COLLEGE OF LAW, WASHINGTON, DC
Juris Doctor, *Cum Laude*, 2000
Member, American University Administrative Law Review
Visiting Student, UCLA School of Law

PEPPERDINE UNIVERSITY, MALIBU, CALIFORNIA
B.S. Business Administration, *Summa Cum Laude*, 1997
B.A. Economics, *Magna Cum Laude*, 1997

## Professional Affiliations and Distinctions

Member, State Bar of Nevada (Nevada Bar No. 7531)
Southern Nevada Real Estate Monthly, 2007 Emerging Leader Award, Developer of the Year
In Business Las Vegas, Top 40 under 40 List of Las Vegas Business Leaders