Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Edward M. McDonald Jr., Trial Attorney
State Bar No. NY 4126009
*edward.m.mcdonald@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Ste. 4300
Las Vegas, NV 89101
Cell: (202) 603-5222
Tel.: (702) 388-6600, Ext. 234
Fax: (702) 388-6658

Attorneys for the United States Trustee for Region 17
    TRACY HOPE DAVIS

E-Filed: June 15, 2022

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>**NUVEDA, LLC, A NEVADA<br>LIMITED LIABILITY COMPANY,**<br><br>Debtor. | Case No: BK-S-22-11249-ABL<br>Chapter 11<br><br>Date: June 29, 2022<br>Time: 1:30 p.m.<br>Place: Telephonic, ABL Courtroom |

**OBJECTION AND RESERVATION OF RIGHTS OF THE U.S. TRUSTEE TO THE
APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT
OF LAW OFFICE OF MITCHELL STIPP, P.C. AS THE DEBTOR'S CO-COUNSEL,
<u>EFFECTIVE AS OF THE PETITION DATE</u>**

To the Honorable AUGUST B. LANDIS, Chief United States Bankruptcy Judge:

Tracy Hope Davis, the United States Trustee for Region 17 ("U.S. Trustee"), by and

through her undersigned counsel, hereby files her objection (the "Objection") to the *Application*

*for Order Authorizing Retention and Employment of Law Office of Mitchell Stipp, P.C. as the*

*Debtor's Co-Counsel, Effective as of the Petition Date* [ECF No. 37] (the "Application") filed

by captioned debtor Nuveda, LLC, a Nevada Limited Liability Company ("Debtor").[1]

---

[1] Unless otherwise noted: "Section" refers to a section of title 11 of the United States Code, 11
U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "FRBP" refers to the Federal Rules
of Bankruptcy Procedure; "FRE" refers to the Federal Rules of Evidence; and "ECF No." refers
to the bankruptcy docket for case number 22-11249-ABL.  The U.S. Trustee requests that the
Court take judicial notice of the pleadings and documents filed in this case, pursuant to FRBP
9017 and FRE 201. To the extent that the objection contains factual assertions predicated upon

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTRODUCTION**

The U.S. Trustee objects to the Application to employ the Law Office of Mitchell Stipp, P.C. ("Stipp") as co-counsel for the estate and requests that the Court deny the Application to the extent that it seeks relief under Section 328(a).  The Debtor has not met its burden of showing that the Section 328 terms are appropriate and in the best interests of the estate.  The Application lacks evidence, as opposed to conclusory statements, required to satisfy that burden. In addition, the Application also fails to provide a justification for why Stipp can be employed after receiving a retainer payment from a third party.  The Application fails to explain why Stipp should be employed *nunc pro tunc* to the petition date.  Accordingly, the Application should be denied.

Consistent with her independent duties, the U.S. Trustee reserves all her rights with respect to this matter, including, but not limited to her right to take any appropriate action under The Bankruptcy Code, the FRBP, and the local rules of the U.S. Bankruptcy Court.

The Objection is supported by the following memorandum of points and authorities and any argument the Court may permit on the Objection.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**BACKGROUND FACTS**

1.      On April 11, 2022, Debtor commenced this case by filing a voluntary petition under Subchapter V of Chapter 11.  [*See* ECF No. 1, p. 2 of 24; #8].  Debtor did not file its schedules or statement of financial affairs ("SOFA") until April 25, 2022.  [*See* ECF Nos. 17 & 18].  Debtor's Schedule A/B discloses that Debtor had no cash assets and its SOFA discloses that it has not had any gross business revenue or non-business revenue, except for $875 in capital contributions in 2020 to the petition date.  [*See* ECF No. 17, pp. 2-9 of 16; ECF No. 18, p. 1 of 14; #1 & #2].  Debtor's SOFA discloses that Pejman Bady[2] paid Stipp $73,857 on April 6, 2022. [*See* ECF No. 18, p. 5 of 14; # 11.2].

statements made by Debtor, its agents, attorneys, professionals, or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

[2] Pejman Bady signed the Debtor's petition as its manager and owns 65.5% of the Debtor.  [*See* ECF No. 1, pp. 4 & 16 of 24].  As the manager and majority owner of the Debtor, Dr. Bady is an insider.  *See* 11 U.S.C. §§ 101(2)(A) & 101(31)(B).

2.      Stipp filed a disclosure of compensation pursuant to FRBP 2016 that disclosed that Pejman Bady paid Stipp $73,857 before the statement was filed and that going forward Debtor would pay Stipp.  [*See* ECF No. 21].

3.      Debtor's Section 341 meeting of creditors was held and concluded.  [*See* ECF Nos. 2, 25 & 45].

4.      The U.S. Trustee appointed Edward M. Burr as Subchapter V Trustee on April 14, 2022 in this case.  [*See* ECF No. 10].

5.      On May 25, 2022, the Debtor filed the Application, which is supported by the declarations of Mitchell Stipp, Esq. ("Stipp Declaration") and Pejman Bady ("Bady Declaration") and seeks to employ Stipp as co-counsel[3] for the estate pursuant to Section 327(a), effective as of April 11, 2022, and to approve the terms of Stipp's retention and compensation pursuant to Section 328(a).  [*See* ECF No. 37, p. 1 of 11].

6.      The Application seeks approval for Debtor to pay Stipp at an hourly rate of $325.  [*See* ECF No. 32, p. 6 of 11; ¶¶18-19].

7.      Both the Application and Stipp Declaration disclose that "[t]he Stipp Firm received an advance retainer deposit of $73,857.00 in connection with this engagement, which was paid by Dr. Pejman Bady…."  [*See* ECF No. 32, p. 5 of 11; ¶15; ECF No. 33, p. 2 of 7; ¶8].

8.      The Bady Declaration provides that "The Debtor has agreed to pay the Stipp Firm's professional fees on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Stipp Firm. . . . . The Debtor agreed to compensate the Stipp Firm for Mr. Stipp's time at an hourly rate of $325."  [*See* ECF No. 39, p. 2 of 2; ¶¶ 8-9].

9.      Both the Application and Stipp Declaration disclose that "Prior to the commencement of this Chapter 11 Case, the Stipp Firm incurred $5,000.00 in fees assisting the Debtor with its preparations to seek relief under subchapter V of Chapter 11 of the Bankruptcy

---

[3] Debtor has also filed an application to employ the Law Office of Nathan A. Schultz, P.C. as co-counsel.  [*See* ECF No. 32].  Although the Schultz application and the Stipp Application both provide that Messrs. Schultz and Stipp will not duplicate their efforts, the scope of their employment is identical.  [*See* ECF No. 32, p. 3 of 11; ¶7; ECF No. 37, p. 3 of 11; ¶7; *also compare* ECF No. 32, pp. 2-3 of 11; ¶7(a) through (g) *with* ECF No. 37, p. 3 of 11; ¶8(a) through (g)].

Code. After reduction for this prepetition amount, the Stipp Firm is holding a balance of $68,857.00 as a retainer for post-petition services." [*See* ECF No. 37, p. 6 of 11; ¶16; ECF No. 38, p. 2 of 7; ¶9].

## **ARGUMENT**

A.    ***The Application Fails to Provide an Explanation for Why Stipp Can be Employed Under Section 327(a) After Being Paid the Retainer by Dr. Bady***

10.    When a third party pays a debtor's attorney's retainer, the Court can take the restrictive or analytical approaches to determine whether the attorney can be employed by the estate pursuant to Section 327(a).

11.    The restrictive approach is expressed in *In re Hathaway Ranch Partnership*, 116 Bankr. 208 (Bankr. C.D. Cal. 1990)."

12.    The Hathaway Court explained that:

> Third parties do not transfer property or funds to an attorney to represent a debtor in possession unless that representation is in the best interest of the third party. It is often the case that the interests of the third party are not identical to the interests of the debtor in possession in its role as fiduciary of the bankruptcy estate. Thus by accepting payment from a third party, the proposed counsel for the debtor in possession necessarily has a conflict of interest in that counsel is serving two masters -- the one who paid counsel and the one counsel is paid to represent. I find that this is an actual conflict of interest that disqualifies a professional from being employed pursuant to 11 U.S.C. § 327 <u>absent a showing that the interests of the third party and the bankruptcy estate are identical</u> upon notice to all creditors, equity security holders and other parties in interest.

*In re Hathaway Ranch Partnership*, 116 B.R. 208, 219 (Bankr. C.D. Cal. 1990) (emphasis added).

13.    The Analytical Approach rejects a *per se* approach and instead reviews the issue on a case-by-case basis. Courts using the Analytical Approach use a 5-part test in determining whether counsel can be employed when counsel's retainer was paid by principal or insider of the Debtor. These factors include:

(1)    the arrangement must be fully disclosed to the debtor/client and the third party payor/insider;

4

(2)    the debtor must expressly consent to the arrangement;

(3)    the third party payor/insider must retain independent legal counsel and must understand that the attorney's duty of undivided loyalty is owed exclusively to the debtor/client;

(4)    the factual and legal relationship between the third party payor/insider, the debtor, the respective attorneys, and their contractual arrangement concerning the fees, must be fully disclosed to the Court at the outset of the debtor's bankruptcy representation;

(5)    the debtor's attorney/applicant must demonstrate and represent to the Court's satisfaction the absence of facts which would otherwise create non-disinteredness, actual conflict, or impermissible potential for a conflict of interest. Id. at 658.

*In re Lotus Props. LP*, 200 B.R. 388, 392 (Bankr. C.D. Cal. Sept. 16, 1996) (citing *In re Kelton*, 109 Bankr. 641 (Bankr. D. Vt. 1989) (the "Kelton Factors").

14.    The Application fails to provide any analysis under either approach.  [*See* ECF Nos. 37-39].

15.    The Application fails to explain why Stipp can be employed after being paid by Dr. Bady.  The Application fails to explain how a Debtor with no money and no revenue in more than two years can pay Stipp $325 an hour.

16.    The Application should be denied because it fails to provide a rationale for why a third party payment to Stipp is allowable.

**B.**    ***The Proponent of the Application Fails to Carry the Burden of Establishing the Reasonableness of the Terms and Conditions for Retention and Compensation included in the Application and Supporting Declarations***

17.    While Section 327 addresses employment of professionals, 11 U.S.C. §§ 328 and 330 address compensation of those professionals after they have been employed under Section 327.  Section 330 authorizes the bankruptcy court to award the retained professional reasonable compensation "based on an after-the-fact consideration of 'the nature, the extent, and the value of such services, taking into account all relevant factors.'" *In re Smart World Technologies, LLC*, 552 F.3d 228, 232 (2d Cir. 2009) (quoting Section 330(a)).

18.      Section 328 operates differently and "permits a professional to have the terms and conditions of its employment pre-approved by the bankruptcy court, such that the bankruptcy court may alter the agreed-upon compensation only 'if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.'" *In re Circle K Corp.*, 279 F.3d 669, 671 (9th Cir. 2002); *In re Smart World Technologies, LLC*, 552 F.3d at 232 (noting that "section 328(a) permits a bankruptcy court to forgo a full post-hoc reasonableness inquiry if it pre-approves the "employment of a professional person under section 327 ... on any reasonable terms and conditions of employment" (quoting Section 328(a)).  Thus, pre-approval of compensation pursuant to Section 328 is not lightly permitted.  *Owens v. United States Trustee (In re Owens)*, 2014 Bankr. LEXIS 3346 at *7 (B.A.P. 9th Cir. August 6, 2014).

19.      Section 328 only provides the possible basis for approval of terms of compensation.  *See generally In re Circle K Corp.*, 279 F.3d 669, 671 (9th Cir. 2002).

20.      "The differences between §§ 328 and 330 affect the timing and process of the court's review of fees." *In re Citation Corp.*, 493 F.3d 1313, 1318 (11th Cir. 2007). Under Section 328, "the bankruptcy court reviews the fee at the time of the agreement and departs from the agreed fee only if some unanticipated circumstance makes the terms of that agreement unfair. Under Section 330, the court reviews the fees after the work has been completed and looks specifically at what was earned, not necessarily at what was bargained for at the time of the agreement." *Id.*

21.      The burden of proof to establish  the terms and conditions of employment – including the imposition of Section 328(a) – is on the applicant. *Nischwitz v. Miskovic (In re Airspect Air, Inc.)*, 385 F.3d 915, 921 (6th Cir. 2004) (quoting *Zolfo*, 50 F.3d at 262). To meet its burden, the firm must provide specific evidence to establish that "the terms and conditions are in the best interest of the estate." *In re Gillett Holdings, Inc.*, 137 B.R. 452, 455 (Bankr. D. Colo. 1991); *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); *In re Potter*, 377 B.R. 305, 307-08 (Bankr. D. N.M. 2007) ("The trustee seeking to employ a professional under 11 U.S.C. § 328 bears the burden of showing that the provisions of the proposed

6

employment are reasonable.").

22.     Debtor seeks to have Stipp's hourly rate approved through the Application.  [*See* ECF No. 37].

23.     Both the Application and the supporting declarations fail to establish the reasonableness of the terms and conditions of compensation for which Debtor seeks Court approval.

24.     Pre-approval of a professional's terms of compensation as reasonable should not be granted lightly given that the Court may not revisit the issue at the compensation stage unless such terms prove to have been improvident in light of developments not capable of being anticipated at the time the terms or rates were fixed.  *See* 11 U.S.C. § 328(a); *see also Friedman Enters. v. B.U.M. Int'l, Inc. (In re B.U.M. Int'l, Inc.)*, 229 F.3d 824, 829 (9th Cir. 2000) ("There is no question that a bankruptcy court may not conduct a § 330 inquiry into the reasonableness of the fees and their benefit to the estate if the court already has approved the professional's employment under [ ] § 328.").

25.     Approving an arrangement under Section 328 removes the standard of reasonable compensation based on an after-the-fact consideration of "the nature, the extent, and the value of such services, taking into account all of the relevant factors" under Section 330, and instead replaces it with a standard that severely constrains the Court's authority to only disallow compensation that is "improvident in light of developments not capable of being anticipated at that time." 11 U.S.C. §328(a).   The Court should not allow Stipp to bypass a full post-hoc reasonableness inquiry if employment is approved under 11 U.S.C. §327.

26.     Debtor has not met its burden of proof to demonstrate why Stipp's terms of compensation are reasonable under 11 U.S.C. §328(a) and should be approved at the outset of Stipp's representation of the Debtor instead of being subject to review once Stipp seeks compensation, including at the end of the case once the Court and parties-in-interest can better assess Stipp's performance.  A professional's requested invocation of Section 328(a) is neither mandatory nor automatic, regardless of the proposed compensation scheme. A professional should not automatically expect approval of its retention under Section 328 just because it asks

for it.  According, the Court should deny the request to pre-approve the terms of Stipp's employment and compensation under Section 328 or under some other Code provision.

<u>Schultz Cannot Be Employed *Nunc Pro Tunc*</u>

27.      Although the Application was filed on May 25, 2022, Debtor seeks to employ Stipp "effective as of April 11, 2022."  [*See* ECF No. 37, p. 1 of 11; lines 23-24].

28.      The request to employ Stipp *nunc pro tunc* is not reasonable because it appears to conflict with binding case law.  *See Roman Catholic Archdiocese of San Juan, Puerto Rico v. Feliciano*, 140 S.Ct. 696 (2020).

## **CONCLUSION**

29.      As discussed above, terms of employment and compensation pre-approved under Section 328 should not be granted lightly.  The Debtor has not met its burden of showing that limiting review of Stipp's fees to the standards set forth in Section 328 terms is appropriate and in the best interests of the estate.

30.      In addition, the Application fails to explain how Schultz can be employed under Section 327(a) after being paid by Dr. Bady.

31.      The employment, if granted, cannot be granted *nunc pro tunc*.

32.      For the reasons set forth herein, the Application should be denied.

33.      The U.S. Trustee reserves all her rights under the Bankruptcy Code and FRBP, including to object to any amendments or supplements to the Application or to any fee applications filed by or on behalf of Stipp as co-counsel for the estate.

**WHEREFORE**, the United States Trustee respectfully requests that the Court deny the Application.

Dated: June 15, 2022

**TRACY HOPE DAVIS**
**UNITED STATES TRUSTEE, REGION 17**

By:      */s/ Edward M. McDonald Jr.*
Edward M. McDonald Jr., Esq.,
Trial Attorney

8