MITCHELL STIPP, ESQ.
Nevada Bar No. 7531
**LAW OFFICE OF MITCHELL STIPP, P.C.**
1180 N. Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Telephone: (702) 602-1242
Email: mstipp@stipplaw.com

*[Proposed] Co-Counsel for*
*Debtor and Debtor In Possession*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NUVEDA, LLC, a Nevada limited liability company,<br>       Debtor. | Case No. BK-22-11249-abl<br><br>Chapter 11 (Subchapter V)<br><br>**MOTION TO ENFORCE AUTOMATIC STAY AND FOR SANCTIONS UNDER SECTION 105(a) OF BANKRUPTCY CODE**<br><br>Hearing Date:  August 3, 2022<br>Hearing Time:  1:30 p.m. |

NuVeda, LLC, a Nevada limited liability company (the "Debtor"), debtor and debtor in possession in the above-referenced chapter 11 bankruptcy case (the "Chapter 11 Case"), respectfully submits this motion to enforce the automatic stay and for sanctions under Section 105(a) of the Bankruptcy Code (the "Motion"). In support of this Motion, the Debtor relies on the Declaration of Mitchell Stipp (the "Stipp Declaration"), which was filed separately but concurrently with the Motion.

Accordingly, Debtor respectfully represents and shows as follows:

**I.**

**PROCEDURAL HISTORY**

1. On April 11, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code in this Court.

2. On April 14, 2022, Edward M. Burr was appointed as Subchapter V Trustee for the Debtor.  [Docket No. 10].

1

3. No request has been made for the appointment of a chapter 11 trustee or examiner.

## II.

### JURISDICTION AND VENUE

4. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

5. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.

### RELIEF REQUESTED

7. The Debtor seeks an order pursuant to Sections 362(a) of the Bankruptcy Code to enforce the automatic stay.

8. The Debtor seeks an order to show cause to be issued against Dotan Melech, as receiver for CW Nevada, LLC, a Nevada limited liability company ("Receiver" and "CWNevada," respectively), for violating the automatic stay.

9. The Debtor seeks sanctions in the amount of its attorney's fees and costs to bring this motion, respond to any opposition, and to appear at the hearings (including any hearing to show cause).

## IV.

### BACKGROUND AND FACTS

A. <u>Receivership Action</u>.

10. Debtor is a party in Case No. A-20-817363-B, which was consolidated into Case No. A-17-755479-B (the "Receivership Action"), currently pending in Department 13 of the Eighth Judicial District Court, Clark County, State of Nevada. The Receivership Action originally concerned the dispute between NuVeda and CWNevada, on the one hand, and 4Front Advisors, LLC ("4Front"), on the other hand. 4Front obtained judgments against NuVeda and CWNevada. NuVeda paid its judgment. CWNevada did not. Accordingly, 4Front requested the appointment of the Receiver to which CWNevada ultimately stipulated.

B. <u>Goldstein/Terry Action</u>.

11.     Creditors of Debtor, Jennifer Goldstein and Shane Terry, filed a lawsuit against Debtor *in 2015* (Case No. A-15-728510-B), currently pending in Department 31 of the Eighth Judicial District Court, Clark County, State of Nevada.  They sought to stop a sale transaction between CWNevada and NuVeda.  However, the state court denied the request by Ms. Goldstein and Mr. Terry for a preliminary injunction, and they appealed.  The Nevada Supreme Court upheld the state court's decision.  See Dkt. No. 17-35048, Case No. 69648 (noting the absurdity of the request as a minority member of NuVeda).

C. Arbitration and Transfer of Terry Claims.

12.     At the request of the parties, Case No. A-15-728510-B was referred to the American Arbitration Association ("AAA") for ***binding arbitration*** (AAA Case No. 01-15-0005-8574). During the arbitration before AAA, Mr. Terry sold his interest in and claims against NuVeda and its affiliates/subsidiaries to BCP Holding 7, LLC ("BCP 7"), which is the manager of CWNevada and affiliated with Brian Padgett.

13.     The allegations by Mr. Terry in the complaint filed in Case No. A-20-817363-B mirror the allegations by Mr. Terry in the arbitration (AAA Case No. 01-15-0005-8574).   After Mr. Terry entered into the transaction with BCP 7 and Mr. Padgett, Mr. Terry through his counsel-of-record, Erika Pike Turner, Esq., filed a motion in the arbitration to substitute BCP 7 *in place of* Mr. Terry as the real party in interest **with all rights** to Mr. Terry's interest and claims.

14.     The AAA permitted BCP 7 to substitute into the arbitration for Mr. Terry.   After substituting into the case in place of Mr. Terry, on ***June 5, 2018***, ***BCP 7 voluntarily and unconditionally dismissed all of Mr. Terry's claims with prejudice***.  In accordance with the request by BCP 7 to dismiss the claims with prejudice, AAA ordered these claims finally to be dismissed on ***October 9, 2018*** (approximately four (4) months later).

D. Consolidation of Actions and Terry Dispute Over Claim Transfer.

15.     BCP 7 defaulted on its obligations to Mr. Terry, and Mr. Terry sued BCP 7 and Mr. Padgett.   See Case No. A-19-796300-B (Eighth Judicial District Court, Clark County, State of Nevada).  The state court consolidated this action into the Receivership Action.   On November 30, 2020, Mr. Terry filed an *ex parte* motion before AAA (AAA Case No. 01-15-0005-8574) to rescind

3

the transaction with BCP 7 and Mr. Padgett and to set aside the orders by AAA to dismiss Mr. Terry's claims. In his motion, Mr. Terry asked AAA to rescind the agreement with BCP 7 and Mr. Padgett for fraud in the inducement and failure of consideration. Upon rescission, Mr. Terry then requested AAA to set aside the dismissal of his claims by AAA under NRCP 60(b)(4) (void judgments). AAA determined that the case before AAA was closed on March 20, 2019, and AAA did not have jurisdiction to consider his requests for relief.

16. According to Mr. Terry's Proof of Claim filed in the Receivership Action, Mr. Terry collected **$757,757.00** from BCP 7, Mr. Padgett and their affiliates between April 18, 2019 and June 7, 2019—the date Mr. Terry initially sued BCP 7 and Mr. Padgett. Now, Mr. Terry is "litigation partners" with the Receiver in their against Debtor.

E. Goldstein Judgment.

17. Ms. Goldstein completed the arbitration (AAA Case No. 01-15-0005-8574) and received an award for the fair market value of her interests. Ms. Goldstein, a former member of NuVeda and its General Counsel, was expelled from the partnership due to misconduct (including conspiring with Mr. Terry to take over NuVeda and to block the joint venture with CWNevada). The expulsion of Ms. Goldstein still provided her a right under NuVeda's operating agreement to the fair market value of her interests. The amount of the judgment confirmed by the state court ($2,565,276.41) is not being contested. However, Ms. Goldstein's judgment is subject to an indemnification agreement with CWNevada. ***The judgment cannot be paid or settled without the consent of CWNevada*** (which is subject to receivership). The Receiver has refused to consent to any payments because CWNevada is liable for the judgment. In fact, the Receiver denied Ms. Goldstein's proof of claim.

F. Receiver's Motion to Compel.

18. On April 14, 2022, a few days <u>after</u> the Petition Date, the Receiver filed a motion in Receivership Action seeking the production of a purported transcript in the possession of Debtor's co-counsel at the time, Justice William Maupin ("Receiver's Motion to Compel"). A true and complete copy of the Receiver's Motion to Compel is attached as **Exhibit 1** to the Stipp Declaration. According to the Receiver's Motion to Compel, the content of the transcript "***is expected to contain***

*__facts that are critically material to CWNevada's current litigation against NuVeda.__*" See id. (Receiver's Motion to Compel, page 2 (lines 21-25) (emphasis added)).

19. Justice Maupin was previously special counsel for CWNevada in 2019. He was engaged by Mr. Padgett to oppose the appointment of the Receiver over CWNevada. Apparently, Mr. Padgett secretly recorded a private conversation with Joseph Kennedy, who was at the time and continues to be a managing member of the Debtor, at Mr. Kennedy's personal residence, and Mr. Padgett apparently had the conversation transcribed by a court-reporter and delivered it to Justice Maupin.

20. While Mr. Kennedy does not recall the meeting with Mr. Padgett, he has never provided consent to Mr. Padgett to record his conversations. Justice Maupin represented Mr. Kennedy in the Receivership Action. Justice Maupin also failed to disclose the existence of the transcript until after the state court approved of his appearance in the case (despite previously representing the Debtor and Mr. Kennedy without formally making an appearance).

21. On April 28, 2022, the Debtor and other co-defendants (including Mr. Kennedy) filed an opposition to the Receiver's Motion to Compel (the "__Debtor's Opposition__"). A true and complete copy of the Debtor's Opposition is attached as **Exhibit 2** to the Stipp Declaration. Page 9 of the Debtor's Opposition expressly provided as follows:

> **III.    Automatic Stay Prevents Relief Requested by Receiver**
>
> NuVeda filed a petition for chapter 11 relief under the bankruptcy code, and the case is pending. If the Transcript "contains facts that are critically material to CWNevada's current litigation against NuVeda," then the Receiver's motion violates the automatic stay. See Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n, 997 F.2d 581, 585 (9th Cir. 1993) (noting that an automatic stay immediately arises when a debtor files a bankruptcy petition, that the scope of the stay is broad, and that "[i]t is designed to effect an immediate freeze of the status quo by precluding and nullifying post-petition actions, judicial or nonjudical, in nonbankruptcy fora against the debtor or affecting the property of the estate"). "Discovery is considered part of the 'continuation' of a proceeding and is, therefore, subject to the automatic stay." Prestige of Beverly Hills, Inc. v. Weber, 381 P.3d 652 (Nev. 2012) (quoting In re Manown, 213 B.R. 411, 412 (Bankr.N.D.Ga.1997)).

22. Justice Maupin filed his own opposition to the Receiver's Motion to Compel. Attached as **Exhibit 3** to the Stipp Declaration is a true and complete copy of Justice Maupin's opposition.

23. In response to the Debtor's Opposition and the opposition filed by Justice Maupin, the Receiver filed his reply on May 9, 2022 (the "Receiver's Reply").  Attached as **Exhibit 4** to the Stipp Declaration is a true and complete copy of the Receiver's Reply.  In the Receiver's Reply, the Receiver contends that (a) purpose of the Receiver's Motion to Compel was to facilitate the administration of the receivership (not to conduct discovery), (b) automatic stays concern the property of the Debtor and the transcript belongs to CWNevada, and (c) CWNevada is not a debtor in bankruptcy. See id. (page 10 to Receiver's Reply).

24. At the hearing before the state court, the state court instructed Justice Maupin's counsel to prepare an order to show cause directed at Mr. Padgett why the transcript should not be produced.  The state court at the hearing also stated that it was not persuaded by the contention by the Debtor that the automatic stay applies.  Attached as **Exhibit 5** to the Stipp Declaration is a true and complete copy of the order entered by the state court.

25. The Debtor and other co-defendants filed a response to the order to show cause on June 15, 2022.  Attached as **Exhibit 6** to the Stipp Declaration is a true and complete copy of the response to the order to show cause.  Mr. Kennedy also filed a joinder to the response which was prepared by independent counsel.  Attached as **Exhibit 7** to the Stipp Declaration is a true and complete copy of Mr. Kennedy's joinder and declaration.

26. On June 15, 2022, before filing this Motion, counsel for the Debtor contacted the Receiver's counsel, Stacy Rubin, who as appeared in this Chapter 11 Case about the violation of the automatic stay.  Attached as **Exhibit 8** to the Stipp Declaration is a true and complete copy of the email sent to Ms. Rubin.  As of the date of the filing of the Motion, Ms. Rubin has not responded.

27. The Receiver is a federal bankruptcy trustee and has appeared in the bankruptcy courts in the State of Nevada.  Attached as **Exhibit 9** to the Stipp Declaration is a true and complete copy of the Receiver's experience as advertised by the Receiver on the website of United AMS.

# V.

# **ARGUMENT**

1. <u>The Motion to Compel the Debtor's co-counsel to produce the transcript violated the automatic stay</u>.

The Receiver's Motion to Compel asks the state court to order co-counsel for the Debtor (Justice Maupin) to produce a transcript because its content "***is expected to contain facts that are critically material to CWNevada's current litigation against NuVeda***." <u>See</u> <u>id</u>. (Receiver's Motion to Compel, page 2 (lines 21-25) (emphasis added)).    Section 362(a)(1) of the Bankruptcy Code stays the "commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case." 11 U.S.C. § 362(a)(1).  The Receiver's Motion to Compel was directed at Justice Maupin—co-counsel for the Debtor.  While the order to show cause was directed at Mr. Padgett, it is expected that the state court will order Justice Maupin to produce the transcript provided to him (since the state court summarily dismissed the contention by the Debtor that the automatic stay applies).  Further, while Mr. Padgett is a party to the Receivership Action, he no longer participates in the Receivership Action and is not expected to appear at the show cause hearing (especially since electronic service of papers and pleadings filed in the Receivership Action are not being delivered).  The Debtor has informed Justice Maupin that it does not consent to the production of the transcript (regardless of the outcome of the show cause hearing).  Given the direction by the Debtor and filing of the Petition, Justice Maupin withdrew from representing the Debtor in the Receivership Action.   Such status (former counsel) does not allow him to ignore the direction and interests of his former client—the Debtor.

This is not a situation where the Debtor is attempting to use the automatic stay as a shield against "third party" discovery.  The Debtor acknowledges that courts have held a debtor must respond to discovery requests pertaining ***only to the claims against the other non-debtor defendants***.

In re Miller, BAP number: BAP Nos. CC-00-1258-MoMaP, CC-00-1346-MoMaP BK Number: LA-98-57153-AA, at *1 (B.A.P. 9th Cir. May 29, 2001).  Here, the Receiver's stated request to the state court was to compel the Debtor's co-counsel, Justice Maupin, to produce the transcript because the Receiver believes it is relevant to claims by CWNevada ***against the Debtor***.  This request by the Receiver is a clear violation of Section 362(a) of the Bankruptcy Code.

    2.   The court should issue an order to show cause why the Receiver should not be held in contempt and award sanctions.

For a bankruptcy court to find civil contempt, the party requesting sanctions must show, by clear and convincing evidence, that the other party violated a specific and definite order of the court.  The automatic stay is such a specific and definite court order.  In re 1601 W. Sunnyside Dr. # 106, LLC, 2010 WL 54810809, at *4 (Bankr. D. Idaho 2010) (citing Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1190-91 (9th Cir. 2003)) (internal citations omitted). The threshold for imposing contempt sanctions turns not on a finding of "bad faith" or subjective intent, but rather on a finding of "willfulness," where willfulness has a particularized meaning:

> Willful violation does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the [creditor] knew of the automatic stay and that the defendant's actions which violated the stay were intentional.

In re Dyer, 322 F.3d at 1191 (quoting Havelock v. Taxel (In re Pace), 67 F.3d 187, 191 (9th Cir. 1995)).  Whether the Receiver believed in good faith that it had a right to the transcript is irrelevant. The Receiver had actual knowledge of the automatic stay at the time his counsel filed the Receiver's Motion to Compel; such knowledge is all that is required.  Zilog, Inc. v. Corning (In re Zilog, Inc.), 450 F.3d 996 (9th Cir. 2006); In re Somerset, Inc., 2013 WL 3788510 (Bankr. D. Idaho 2013).

The Debtor briefed the state court and additionally notified the Receiver that the automatic

stay applied when it filed the Debtor's Opposition. The Debtor's counsel also contacted the Receiver's counsel about the violation of the automatic stay and was surprisingly ignored. At the present time, the hearing on the order to show cause remains on calendar before the state court. The failure of the Receiver to remedy the violation of the automatic stay constitutes a further violation and clearly confirms the Receiver's conduct is a willful violation. See In re Dyer, 322 F.3d 1178; State of California v. Taxel (In re Del Mission Ltd.), 98 F.3d 1147 (9th Cir. 1996); In re 1601 W. Sunnyside Dr. # 106, LLC, 2010 WL 54810809.

For the reasons set forth above, the Motion should be granted. This court should enforce the automatic stay and prohibit the Receiver from continuing to seek production of the transcript. Further, this Court should issue an order to show cause why the Receiver should not be held in contempt.

Date:   June 21, 2022

**LAW OFFICE OF MITCHELL STIPP, P.C.**

By:   /s/Mitchell Stipp
        MITCHELL STIPP, ESQ.
        Nevada Bar No. 7531
        1180 N. Town Center Drive, Suite 100
        Las Vegas, Nevada 89144

*[Proposed] Co-Counsel for Debtor and Debtor in Possession*

**EXHIBIT 1**
**PROPOSED ORDER**

MITCHELL STIPP, ESQ.
Nevada Bar No. 7531
**LAW OFFICE OF MITCHELL STIPP, P.C.**
1180 N. Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Telephone: (702) 602-1242
Email: mstipp@stipplaw.com

*[Proposed] Co-Counsel for*
*Debtor and Debtor In Possession*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUVEDA, LLC, a Nevada limited liability company,<br>　　　　　　　　　Debtor. | Case No. BK-22-11249-abl<br><br>Chapter 11 (Subchapter V)<br><br>**ORDER ENFORCING THE AUTOMATIC STAY AND TO SHOW CAUSE WHY THE RECEIVER FOR CW NEVADA, LLC SHOULD NOT BE HELD IN CONTEMPT UNDER SECTION 105(a) OF BANKRUPTCY CODE** |

　　　　The Court, having reviewed and considered (a) the motion to enforce the automatic stay and for sanctions under Section 105(a) of the Bankruptcy Code (the "Motion") filed by NuVeda, LLC, a Nevada limited liability company (the "Debtor"), debtor and debtor in possession in the above-referenced chapter 11 bankruptcy case ("Chapter 11 Case"); and (b) the Declaration of Mitchell Stipp (the "Stipp Declaration"), which was filed separately but concurrently with the Motion;

1  together with all other findings set forth in the record at the hearing noted above incorporated herein, pursuant to Fed. R. Bankr. P. 7052; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, that the matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G), and that venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; Accordingly, the Court hereby finds that the automatic stay should be enforced and the receiver for CW Nevada, LLC ("Receiver" and "CWNevada," respectively) should be prohibited from seeking the disclosure of the transcript in the possession of the Debtor's former counsel, Justice William Maupin; and the Receiver shall appear before this Court to show cause why he should not be held in contempt for violating the automatic stay applicable to the Debtor.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED in all respects.

2. The Receiver and CWNevada (including its other authorized agents and representatives) are prohibited from seeking the production of the transcript described in the Motion during the time this Chapter 11 Case is pending (or until further ordered by this Court).

3. The Receiver shall appear before this Court on _____ at _____ to show cause why he should not be held in contempt by violating the automatic stay.

4. The terms of this Order shall be immediately effective and enforceable upon its entry.

Prepared and respectfully submitted by:

**LAW OFFICE OF MITCHELL STIPP, P.C.**

By: ___/s/Mitchell Stipp_____
    MITCHELL STIPP, ESQ.
    Nevada Bar No. 7531
    1180 N. Town Center Drive, Suite 100
    Las Vegas, Nevada 89144

*[Proposed] Co-Counsel for Debtor and Debtor in Possession*

2

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By_____
    Edward M. McDonald Jr.
    Trial Attorney for Tracy Hope Davis,
    United States Trustee
    Foley Federal Building
    300 Las Vegas Boulevard South, Suite 4300
    Las Vegas, Nevada 89101

### **CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐    The Court has waived the requirement of approval in LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion

☐    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

      EDWARD M. MCDONALD JR.,
      OFFICE OF THE UNITED STATES
      TRUSTEE

      _Approved / Disapproved_      _____

☐    I certify that this is a case under Chapter 7 or 13, that I has served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

### ###

3