AARON D. FORD
  Attorney General
Ashley A. Balducci (Bar No. 12687)
  Senior Deputy Attorney General
Emily N. Bordelove (Bar No. 13202)
  Senior Deputy Attorney General
Office of Attorney General
555 E., Washington Ave., Ste. 3900
Las Vegas, NV 89101
(702) 486-3240 (phone)
(702) 486-3768 (fax)
abalducci@ag.nv.gov
ebordelove@ag.nv.gov

*Attorneys for State of Nevada,*
*ex rel. Cannabis Compliance Board*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re:<br><br>NUVEDA, LLC, a Nevada limited liability company,<br><br>                        Debtor(s). | BK-22-11249-abl<br>Chapter 11 (Subchapter V)<br><br><br>Hearing Date: August 23, 2022<br>Hearing Time: 2:00 PM |
|---|---|

**LIMITED JOINDER TO CREDITOR JENNIFER M. GOLDSTEIN'S MOTION TO DISMISS BANKRUPTCY PETITION**

The State of Nevada *ex rel.* Cannabis Compliance Board ("CCB"), by and through its counsel, Attorney General Aaron D. Ford, Senior Deputy Attorney General, Emily N. Bordelove, and Senior Deputy Attorney General, Ashley A. Balducci hereby submits this Limited Joinder To Creditor Jennifer M. Goldstein's Motion To Dismiss Bankruptcy Petition ("underlying Motion") and Request upon dismissal for an Order pursuant to 11 U.S.C. § 362(j) confirming that the automatic stay has been terminated. This Limited Joinder is filed pursuant to 11 U.S.C. § 105(a).

///

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

The CCB agrees that dismissal is warranted under 11 U.S.C. § 1112(b) and hereby adopts and incorporates those legal arguments relating to Debtor NuVeda LLC's ("Debtor" or "NuVeda") ownership interest in cannabis establishment subsidiaries, Clark NMSD LLC ("Clark NMSD") and Nye Natural Medicinal Solutions LLC ("Nye Natural"), as set forth in the underlying Motion, adding that Debtor's ownership interest was not formally transferred under the CCB.

Alternatively, the CCB files, contemporaneous with this Limited Joinder, a separate Motion for declaratory relief in the form of an Order from this Court that this bankruptcy does not stay the CCB's ability to execute its regulatory and enforcement powers over Clark NMSD and Nye Naturals, given 11 USC § 362(b) provides for an exception to such stay for the exercise of regulatory powers. *See* Motion for Declaratory Relief filed contemporaneously with this Limited Joinder.

### ADDITIONAL RELEVANT FACTS

**A.  OWNERSHIP AND INJUNCTIONS**

As noted in the underlying Motion, the state court in Case No. A-17-755479-B enjoined Debtor "from ***selling, transferring, or otherwise disposing of any assets*** in their possession, custody, and/or control, ***including any Nevada cannabis license*** and cash received (except as needed for normal business operations) from the lawful sale of cannabis through their Nevada retail dispensaries until this Court orders otherwise." (emphasis added). *See* underlying Motion at ¶ 24 at 13, *see also* Exhibit 16 to underlying Motion, Dkt. 45 in Case No. A-17-755479-B,[1] March 14, 2019, Injunction at 2.  This injunction prohibits Debtor from transferring its ownership interests in Clark NMSD and Nye Naturals.

The state court initially put this prohibition in place in a Temporary

---

[1] While the pleadings list the case number as A-17-755479-C, the Eighth Judicial District Court provides the case number as A-17-755479-B. See **Exhibit C**, attached to Decl. of Emily N. Bordelove.

1 Restraining Order ("TRO") filed on February 5, 2019. *See* **Exhibit A.**, Dkt. 21 in Case No. A-17-755479-B, February 5, 2019, Notice of Entry of Temporary Restraining Order at 4, attached to Decl. of Emily N. Bordelove.

Furthermore, the state court in Case No. A-17-755479-B has not lifted nor modified the above TRO or injunction to allow Debtor to transfer or otherwise dispose of its assets or its Nevada cannabis licenses, including ownership in Clark NMSD and Nye Naturals and their associated Nevada cannabis licenses. *See* **Exhibit B.**, Dkt. 91 in Case No. A-17-755479-B, April 16, 2019, Notice of Entry of Amended Injunction at 6, attached to Decl. of Emily N. Bordelove.

As noted in the underlying Motion, on or about June 12, 2019, about four months after the above TRO was entered, Debtor claims it reorganized and transferred its ownership interest in Clark NMSD and Nye Naturals to a ***different*** NuVeda LLC, a Delaware limited liability company ("NuVeda DE"). *See* underlying Motion ¶ 5 at 8, *see also* Exhibit 8 to underlying Motion, Dkt. 190 in Case No. A-15-728510-C, Opposition to Motion to Appoint Receiver at 7.

As outlined in the MIPA attached to Exhibit 8 to the underlying Motion, the natural persons with ownership interests in Debtor, Joseph Kennedy, Pejman Bady, and Pouyha Mohajer also own NuVeda DE. *See id.* at 18-19.

There has been no allegation nor assertion that Debtor obtained regulatory approval from any Nevada state agency, including the CCB, for the transfer of Debtor's interests in Clark NMSD and Nye Naturals to NuVeda DE. Under Nevada law, a transfer of ownership interest in a cannabis establishment is not effective until the state agency is notified of the transfer and the state agency finds that each person acquiring an ownership interest is individually qualified to be an owner of a cannabis establishment. *See* Nev. Admin. Code § 453D.315(5) (repealed 2020); Nevada Cannabis Compliance Regulation ("NCCR") 5.110(1).

As of the date of this Limited Joinder, the CCB's records reflect Debtor, not NuVeda DE, as the parent company that owns both Clark NMSD and Nye Naturals.

### B. PLAN OF REORGANIZATION

Debtor filed its Plan of Reorganization ("Plan") on July 11, 2022. *See* Dkt 89. In the Plan, Debtor states that it will be funded by a $500,000 loan from one or more of its equity security holders. *See* Dkt 89 at 2 & 4. According to Debtor's Voluntary Petition for Non-Individuals Filing for Bankruptcy, Debtor's Security holders are Joseph Kennedy, Pejman Bady, and Pouyha Mohajer. *See* Dkt. 1's Exhibit 3 at 16.

## LEGAL ARGUMENT

### I. DEBTOR OWNS THE SUBSIDIARIES THAT HOLD THE CANNABIS LICENSES BECAUSE NO STATE AGENCY APPROVED THE TRANSFER TO NUVEDA DE.

The underlying Motion argues that Debtor's prior ownership of cannabis facilities provides cause for dismissal under Section 1112(b) of the Bankruptcy Code. *See* underlying Motion at 16-19. The CCB joins in this argument and additionally provides that Debtor ***presently*** serves as the parent company for Clark NMSD and Nye Naturals.

Ownership interest in a cannabis license cannot be transferred absent notification and approval from the CCB. NRS 678B.380 provides in pertinent part that "[e]xcept as otherwise provided by regulations adopted by the Board pursuant to subsection 2, the following are nontransferable… [a] medical cannabis establishment license [and] [a]n adult-use cannabis establishment license." NRS 678B.380 (1)(d)-(e). In 2019 when the alleged transfer occurred to the present, Nevada law has expressly stated that a transfer of ownership interest in a cannabis establishment is not effective until the state agency is notified of the transfer and the state agency finds that each person acquiring an ownership interest is individually qualified to be an owner of a cannabis establishment. *See* Nev. Admin. Code § 453D.315(5) (repealed 2020); NCCR 5.110(1).

As noted above, there has been no allegation nor assertion that Debtor notified and obtained regulatory approval from the CCB or its predecessor for the transfer of interest to NuVeda DE. Further, the CCB's records currently reflect Debtor, not

NuVeda DE, as the parent company owning both Clark NMSD and Nye Naturals. Furthermore, given the state district court's order in Case No. A-17-755479-B enjoining Debtor from transferring assets, including the Nevada cannabis licenses, it is an open question as to whether the CCB could approve a request to transfer Debtor's ownership interest in Clark NMSD and Nye Naturals to NuVeda DE.

Debtor may argue that even if it owns Clark NMSD and Nye Naturals "on paper," practically, NuVeda DE and not Debtor, received cannabis related money from these entities that would implicate 11 USC § 1112(b). However, as noted above, Debtor will be financed from a $500,000 loan from one or more of its equity security holders. These equity security holders, Joseph Kennedy, Pejman Bady, and Pouyha Mohajer, also own NuVeda DE and receive cannabis related money from Clark NMSD and Nye Naturals. As a result, the loan from Debtor's equity security holders to fund Debtor could originate from cannabis related money that would implicate 11 USC § 1112(b).

Thus, the CCB supplements the arguments in the underlying Motion that dismissal is warranted under 11 USC § 1112(b) with the fact that Debtor ***currently*** owns Clark NMSD and Nye Naturals.

## II. ORDER CONFIRMING TERMINATION OF STAY DUE TO DISMISSAL

If this Court grants the underlying Motion, the CCB, as a real party in interest[2], requests an Order from this Court confirming that the automatic stay has been terminated.

11 USC § 362 (j) provides "[o]n request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated." 11 USC § 362(c)(2)(B) provides that "[e]xcept as provided in subsections (d), (e), (f), and (h) of this section-- the stay of any other act under subsection (a) of this section continues until the earliest of--the time the case is dismissed."

---

[2] Please see the CCB's Motion for Declaratory Relief, filed contemporaneously with this Limited Joinder.

Thus, if this Court grants the underlying Motion and dismisses Debtor's bankruptcy case, the CCB requests an Order from this Court, pursuant to 11 USC § 362 (j), confirming that the automatic stay has been terminated.

## CONCLUSION

For the reasons stated, the CCB files this Limited Joinder To Creditor Jennifer M. Goldstein's Motion To Dismiss Bankruptcy Petition and requests, if this Court grants said motion an Order Confirming Termination Of Stay Due To Dismissal of the Bankruptcy case.

DATED this 18th of July, 2022.

AARON D. FORD
Attorney General

By: _____
Emily N. Bordelove (Bar No. 13202)
Senior Deputy Attorney General
Ashley A. Balducci (Bar No. 12687)
Senior Deputy Attorney General

*Attorneys for State of Nevada, ex rel. Cannabis Compliance Board*