Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Cameron M. Gulden, Trial Attorney
State Bar No. MN 310931
cameron.m.gulden@usdoj.gov
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Ste. 4300
Las Vegas, NV 89101
Tel.: (702) 388-6600
Fax: (702) 388-6658

Attorneys for the United States Trustee for Region 17
    TRACY HOPE DAVIS

E-Filed: August 4, 2022

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re:<br>**NUVEDA, LLC, A NEVADA LIMITED LIABILITY COMPANY,**<br>Debtor. | Case No: BK-S-22-11249-ABL<br>Chapter 11, Subchapter V<br><br>Date:   September 7, 2022<br>Time:   1:30 p.m.<br>Place:  Telephonic, ABL Courtroom |
|---|---|

### <u>UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE</u>

To the Honorable AUGUST B. LANDIS, Chief United States Bankruptcy Judge:

Tracy Hope Davis, the United States Trustee for Region 17 ("U.S. Trustee"), by and through her undersigned counsel, hereby moves for an order dismissing the above-captioned chapter 11 case of NuVeda, LLC (the "Debtor") under 11 U.S.C. § 1112(b). In support of her motion, the United States Trustee states as follows.[1]

---

[1] Unless otherwise noted: "Section" refers to a section of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "FRBP" refers to the Federal Rules of Bankruptcy Procedure; "FRE" refers to the Federal Rules of Evidence; and "ECF No." refers to the bankruptcy docket for case number 22-11249-ABL. The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case, pursuant to FRBP 9017 and FRE 201. To the extent that the objection contains factual assertions predicated upon statements made by Debtor, its agents, attorneys, professionals, or employees, the U.S. Trustee

1

## I.     INTRODUCTION

NuVeda, LLC, was formed to be part of a cannabis venture. That venture failed, and its chapter 11 case is an attempt to avoid paying a substantial final judgment owed to one of NuVeda's former members. NuVeda has very few creditors, and its few listed creditors were part of the cannabis enterprise. Thus, the chapter 11 case exists solely to ask this Court to restructure the debts incurred as a result of the unsuccessful cannabis venture, which is a basis for dismissal of the case for cause under 11 U.S.C. § 1112(b).

NuVeda also has no income or employees, and it has no reasonable likelihood of a successful reorganization. Rather, its monthly operating reports reflect no income whatsoever, and its filed plan shows substantial projected income with no basis or supporting documentation of any kind. This is a separate and independent basis for dismissal under 11 U.S.C. § 1112(b)(4)(A).

The United States Trustee's motion to dismiss is supported by the following memorandum of points and authorities and any argument the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

## II.     BACKGROUND FACTS

1. On April 11, 2022, the Debtor commenced this case by filing a voluntary petition under subchapter V of chapter 11. ECF No. 1.

2. The U.S. Trustee appointed Edward M. Burr as the subchapter V trustee in this case. ECF No. 10.

3. The Debtor's Schedule A/B discloses that the Debtor has no cash and no bank accounts. ECF No. 17. The Debtor's only listed assets are a (1) counterclaim against 4Front Assets LLC valued at $40 million; (2) a contingent and unliquidated indemnification claim

---

submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

against CW Nevada LLC valued at $5 million; and (3) interests in CWNV LLC and CWNV1 LLC valued at $0. *Id*.

4. The Debtor's Schedule E/F lists just four creditors: CW Nevada, Phillip Ivey, and Shane Terry with unliquidated and disputed claims of unknown amounts, and Jennifer Goldstein with a claim of $2,565,276.41. *Id*. CW Nevada, a prior chapter 11 debtor, had its case dismissed on the motion of 4Front Assets. The case was dismissed under 11 U.S.C. § 305(a) because CW Nevada was "in the business of cultivating, producing, and distributing medical and recreational marijuana" in violation of the Controlled Substances Act (the "CSA").[2] *In re CWNevada LLC*, 602 B.R. 717, 723 (Bankr. D. Nev. 2019).

5. The Debtor's Schedule G, executory contracts and unexpired leases, lists "Operating Agreements for CWNV LLC and CWNV1 LLC, and "Indemnification by CW Nevada, LLC." *Id*.

6. Debtor's SOFA discloses that it had no gross business revenue in 2020 or 2021, and none in year-to-date 2022. ECF No. 18. The SOFA reflects that the Debtor had non-business revenue of $875 in capital contributions from January 2020 to the petition date. *Id*.

7. In response to Question 25 of the SOFA, "Other businesses in which the debtor has or has had an interest," the Debtor lists CWNV LLC and CWNV1 LLC, each described as a "Holding Company for failed joint venture with CW Nevada, LLC." *Id*.

8. The Debtor's Section 341 meeting of creditors was held and concluded. ECF Nos. 2, 25 and 45.

9. On June 29, 2022, primary creditor (and former NuVeda member) Jennifer Goldstein filed a motion to dismiss the Debtor's case based on the Debtor's entanglement in the

---

[2] See 21 U.S.C. § 841(a)(1) and 812(c).

3

cannabis business. ECF No. 69. Ms. Goldstein alleges that "[s]ince its formation as a Nevada limited liability company, the Debtor's business purpose has been the creation, management, licensing, advising, consultation, and investment in the cannabis business." *Id*. Because "[t]he sole meaningful assets disclosed in the bankruptcy Schedules involve the Debtor's claims and causes of action . . . all involve and relate to the cannabis industry," Ms. Goldstein asserts, the Debtor's "business operations and the ownership of existing assets would constitute a violation of the CSA." *Id*.

10. As of the date of this motion, two joinders have been filed to Ms. Goldstein's motion to dismiss: One by Dotan Melech (as receiver for CWNevada LLC), Shane Terry and Phillip Ivey (ECF No. 85); and one by the Cannabis Compliance Board of the State of Nevada (the "CCB") (ECF No. 92). Both motions detail various aspects of the Debtor's involvement in the cannabis industry and support dismissal bases set forth in Ms. Goldstein's motion.

11. Also, the CCB notes that, in addition to the Debtor's extensive past involvement in cannabis, the Debtor "***presently*** serves as the parent company for Clark NMSD and Nye Naturals," two cannabis subsidiaries (emphasis in original). ECF No. 92 at 4. This is because, according to the CCB, the Debtor's attempted transfer of its ownership interest in the cannabis subsidiaries was done in violation of an injunction and without the required CCB approval. *Id*. at 2-3.

### III.   ARGUMENT

12. 11 U.S.C. § 1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

4

13. Section 1112(b) includes a non-exclusive list of what constitutes "cause"; however, the court should "consider other factors as they arise, and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage Entities)*, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000), aff'd, 264 F.3d 803 (9th Cir. 2001). The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for conversion or dismissal under § 1112(b). *Id*.

14. As movant, the United States Trustee bears the burden of establishing by a preponderance of the evidence that cause exists. *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted). Where reorganization or rehabilitation is unrealistic or futile, a chapter 11 case may be converted or dismissed even at its outset. *Johnston v. Jem Dev. Co. (In re Johnston)*, 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992). And, if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether conversion or dismissal is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that conversion or dismissal is not in the best interests of creditors and the estate. *In re Sullivan*, 522 B.R. at 612.

A.  **General Principles of Federal Law Mandate Dismissal.**

15. Federal law makes it a crime for "any person knowingly or intentionally . . . to . . . possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ." 21 U.S.C. § 841. In addition, 21 U.S.C. § 856(a)(2), makes it unlawful to "manage or control any place, whether permanently or temporarily, either as an owner, lessee, agent, employee, occupant, or mortgagee, and knowingly and intentionally rent, lease, profit from, or make available for use, with or without compensation, the place for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance." Finally, 21 U.S.C. § 846 makes it a crime to conspire to violate 21 U.S.C. § 841. A conspiracy to violate the CSA is

5

demonstrated when: "1) there was an agreement to violate the law; 2) the defendant knew the essential objectives of the conspiracy; 3) the defendant knowingly and voluntarily took part in the conspiracy; and 4) the co-conspirators were interdependent." *In re Way to Grow*, 597 B.R. 111, 124 (Bankr. D. Colo. 2018), *aff'd*, 610 B.R. 388 (D. Colo. 2019).

16.   Debtor has violated the Controlled Substances Act because the Debtor's the sole purpose for its creation was to grow and sell cannabis as part of a joint venture with CW Nevada. As such, the Debtor was party to a conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846.  *See, e.g.*, *Rent-Rite Super Kegs West, Ltd.*, 484 B.R. 799, 803-04 (Bankr. D. Colo. 2012) (chapter 11 debtor was "engaged in an ongoing criminal violation of the federal Controlled Substances Act" under 21 U.S.C. § 856(a)(2) by leasing space to tenants who were cultivating marijuana).

17.   In addition, the Debtor's only purported assets relate to its cannabis business, ECF No. 17, and its only creditors were part of the Debtor's cannabis venture.  *Id*.  When both debtors and creditors are part of an illegal agreement, the "unclean hands" doctrine should be applied rigorously to bar bankruptcy relief where "the public is the victim of the inequitable conduct rather than one of the parties to the contract."  *Casa Nova, Inc. v. Casa Nova of Lansing, Inc. (In re Casa Nova of Lansing, Inc.)*, 146 B.R. 370 (Bankr. W.D. Mich. 1992) (relying on cases denying relief on contracts to circumvent federal financial assistance restrictions, created for tax evasion purposes, and created to circumvent NCAA amateur athlete eligibility).

18.   Congress enacted the Bankruptcy Code to protect "honest but unfortunate debtors."  *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 374 (2007); *see also Grogan v. Garner*, 498 U.S. 279, 286-87 (1991) (admonishing that the Court has "been careful to explain that the [Code] limits the opportunity for a completely unencumbered new beginning" to deserving debtors); *In re Krueger*, 812 F.3d 365, 373 (5th Cir. 2016) (explaining that bankruptcy

"is a potent judicially enforced weapon" that "has no place being deployed against honest but unfortunate creditors who stand in the path of a dishonest bankrupt"); *In re Apte*, 96 F.3d 1319, 1322 (9th Cir. 1996) ("A dishonest debtor, on the other hand, will not benefit from his wrongdoing"). Bankruptcy proceedings are "inherently proceedings in equity." *Pepper v. Litton*, 308 U.S. 295, 304-05 (1939).

19. A court of equity ordinarily should not "lend its judicial power to a plaintiff who seeks to invoke that power for the purpose of consummating a transaction in clear violation of law." *See Johnson v. Yellow Cab Transit Co.*, 321 U.S. 383, 387 (1944); 7 *Collier on Bankruptcy* ¶ 1112.07 (16th ed. 2018) ("[A]s a general rule, equitable remedies are not available to any party who fails to act in an equitable fashion."). "The Court's power to adjust the debtor-creditor relationship . . . goes to the essence of the Court's equitable jurisdiction and requires the Court to look to equitable factors to determine the propriety of the Debtor's filing." *In re Rent-Rite Super Kegs W. Ltd.*, 484 B.R. 799, 806 (Bankr. D. Colo. 2012).

20. A chapter 11 case cannot aid parties coming to the bankruptcy court with unclean hands. A "Chapter 11 petition must be filed in good faith, and if not, dismissal is an appropriate remedy." *In re Pacific Rim Investments, LLP v. Oriam, LLC (In re Pacific Rim Inv., LLP)*, 243 B.R. 768, 771 (D. Colo. 2000). A bankruptcy court's authority to dismiss a case filed in bad faith is found not only in § 1112(b) but also in a court's "inherent authority to prevent access to the courts which would constitute an abuse of the judicial process." Id. This includes, specifically, a case to benefit parties who engaged in a conspiracy to violate the CSA. See, e.g., *In re Medpoint Management LLC*, 528 B.R. 178 (Bankr. D. Ariz. 2015), vacated in part on other grounds, 2016 LW 3251581 (B.A.P. 9th Cir. June 3, 2016)(bankruptcy court dismissed case where creditors knew the debtor was in the marijuana business, voluntarily chose to engage

7

in that business with it, and therefore had unclean hands precluding them from obtaining relief in federal court).

21. Federal courts' refusal to intervene on behalf of a litigant engaged in illegal conduct is not limited to bankruptcy cases. Federal courts have repeatedly refused to entertain cases arising from illegal conduct such as gambling, drug trafficking, and accepting kickbacks. *See e.g.*, *United States v. Acme Process Equipment Co.*, 385 U.S. 138 (1966), *reh'g den*ied 385 U.S. 1032; *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612, 1633 (2018) (Thomas, concurring). *See generally* McNichols, *The New Highwayman: Enforcement of U.S. Patents on Cannabis Products*, 101 J. Pat. & Trademark Off. Soc'y 24, 46 (2019). *See, e.g.*, *Polk v. Gontmakher*, 2019 WL 4058970 *2 (D.Ct. W.D. WA 2019) (dismissing action seeking to enforce a purported ownership interest in a marijuana business).

22. Here, the Debtor is further asking this Court to use its powers under federal law to change its relationships with its creditors through chapter 11. This case consists of nothing more than a dispute among parties to a cannabis venture. The Debtor lists no past income, has no income at present, has no ongoing business operations, and has no other creditors. Rather, the Debtor is attempting to use this Court to alter its relationship with its cannabis LLC former members.[3] Having come into this Court of equity with unclean hands, the Debtor should be denied the requested bankruptcy protection as a matter of equity. *See, e.g.*, *In re Basrah Custom Design, Inc.*, 600 B.R. 368 (Bankr. E.D. Mich. 2019). In *Basrah*, a debtor sought to use the bankruptcy court to set aside one illegal contract to operate a marijuana dispensary for a better illegal contract to do the same. *Id.* at 372-73. Dismissing the debtor's bankruptcy, the *Basrah* court stated that it could not be used to violate federal law:

---

[3] The fact that the venture failed and the Debtor is thus not currently engaged in the cannabis business does not change the fact that the entire chapter 11 case is entangled in cannabis-related matters.

8

> The actual purpose of filing and prosecuting this bankruptcy case is for the Debtor and its 100% shareholder to use this bankruptcy court, and the Bankruptcy Code, to assist them in obtaining a result that is contrary to federal criminal law under the Controlled Substances Act, and therefore contrary to federal public policy. This federal court cannot allow itself to be used in this way.

*Id.* at *12. *See also In re Malul*, 614 B.R. 699 at fn. 84 (Bankr. D. Colo. 2020) ("Malul's knowing entry into the Subscription Agreement, which expressly required Fritzel to violate the CSA, meets all the elements for criminal conspiracy"). A conspiratorial "agreement is a distinct evil, which may exist and be punished whether or not the substantive crime ensues." *United States v. Jimenez Recio*, 537 U.S. 270, 274-75 (2003) (quotations omitted) (abrogating *United States v. Cruz*, 127 F.3d 791 (9th Cir. 1997).

23. Permitting the Debtor in this case to proceed would allow the Debtor to use this Court as a shield protecting its illegal contract and protecting the Debtor from a cannabis-related creditor with a final judgment. As in *Basrah*, public policy urges dismissal of this case.

**B.    The Bankruptcy Code Mandates Dismissal.**

24. Section 1112(b) of the Bankruptcy Code authorizes bankruptcy courts to dismiss a chapter 11 case for "cause." 11 U.S.C. § 1112(b). Section 1112(b) provides several examples of "cause," including "gross mismanagement of the estate" and "failure to . . . confirm a plan." 11 U.S.C. § 1112(b)(4)(B), (J). But the examples of "cause" to dismiss in section 1112(b) are not exhaustive. 11 U.S.C. § 102(3) (construing the term "including" as being "not limiting"); *In re Marshall,* 721 F.3d 1032, 1048 (9th Cir. 2013). For example, although bad faith in commencing a chapter 11 petition is not one of the *enumerated* "causes" warranting dismissal, it is well established that such a lack of good faith can constitute "cause" for dismissal. *Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 828 (9th Cir.1994).

25. In determining whether a filing is in bad faith such that the case should be dismissed, "[t]he test is whether a debtor is attempting to unreasonably deter and harass

9

creditors or attempting to effect a speedy, efficient reorganization on a feasible basis." *Id*. In its analysis, a bankruptcy court reviews the totality of the circumstances. *In re Marshall,* 721 F.3d at 1048. A court should consider any fact evidencing the intent to abuse the judicial process and the purposes of the reorganization provisions. *Id*.

26. In determining whether a case was filed in the absence of good faith, courts may consider factors such as whether: (1) the debtor has only one asset; (2) the debtor has an ongoing business to reorganize; (3) there are any unsecured creditors; (4) the debtor has any cash flow or sources of income to sustain a plan of reorganization or to make adequate protection payments; and (5) the case is essentially a two-party dispute capable of prompt adjudication in state court. *See St. Paul Self Storage Ltd. P'ship v. Port Authority of the City of St. Paul (In re St. Paul Self Storage Ltd. P'ship)*, 185 B.R. 580, 582-83 (B.A.P. 9th Cir. 1995). Here, these factors weigh heavily in favor of dismissal.

27. In addition, using a federal court and federal law to perpetuate and protect violations of another federal law can never be in good faith. In a seminal case in this area, the bankruptcy court stated that a "federal court cannot be asked to enforce the protections of the Bankruptcy Code in aid of a Debtor whose activities constitute a continuing federal crime." *In re Arenas*, 514 B.R. 887, 998 (Bankr. D. Colo. 2014) ("Arenas I")(quoting *Rent-Rite Super Kegs*, 484 B.R. at 805). The 10th Circuit Bankruptcy Appellate Panel affirmed even though it found the debtors "sincere and credible" because good faith is objective, not subjective, and it is "objectively unreasonable for them to seek Chapter 13 relief . . . ." *In re Arenas*, 535 B.R. 845, 852-53 (B.A.P. 10th Cir. 2015) ("Arenas II"). Simply put, "it is not asking too much of debtors to obey federal laws, including criminal laws, as a condition of obtaining relief under the Bankruptcy Code." *In re Johnson*, 532 B.R. 53, 59 (Bankr. W.D. Mich. 2015).

28. Similarly, gross mismanagement also warrants dismissal. *See* 11 U.S.C. §

1112(b)(4)(B). Here, the Debtor engaged in a conspiracy to violate federal laws, something that is a clear violation of the fiduciary duties imposed on a debtor in possession. In addition, any claims the Debtor may have against its former members and business partners all relate to the Debtor's cannabis venture, and attempting to bring such tainted funds into the bankruptcy estate would likely only serve to further violate the Controlled Substances Act. This conduct constitutes gross mismanagement of the estate's assets and is grounds for dismissal of this case.

29. The Ninth Circuit's decision in *Garvin v. Cook Investments NW, SPNWY, LLC*, 922 F.3d 1031 (9th Cir. 2019) ("we conclude that § 1129(a)(3) directs courts to look only to the proposal of a plan, not the terms of the plan"), does not compel a different result. Although the court in *Cook* ruled that the United States Trustee's motion to dismiss had been waived by not being renewed at plan confirmation, it nevertheless stated that motions to dismiss for cause remain viable even if a proposed plan may satisfy the confirmation standard: "We do not believe that the interpretation compelled by the text will result in bankruptcy proceedings being used to facilitate legal violations. To begin, absent waiver, as in this case, courts may consider gross mismanagement issues under § 1112(b)." *Id.* at 1036.

C. **Additional Cause Exists Under 11 U.S.C. § 1112(b)(4)(A) Because There Is a Continuing Diminution of the Estate and the Absence of a Reasonable Likelihood of Rehabilitation.**

30. As a separate and independent basis for dismissal, cause exists to dismiss the Debtor's case under 11 U.S.C. § 1112(b)(4)(A). "The purpose of permitting business debtors to reorganize and restructure their debts through Chapter 11 is 'to revive the debtors' businesses and thereby preserve jobs and protect investors.'" *In re Sagewood Manor Assocs. Ltd. P'ship*, 223 B.R. 756, 762 (Bankr. D. Nev. 1998) (quoting *Toibb v. Radloff,* 501 U.S. 157, 163 (1991). And "[s]ection 1112(b)(4)(A) effectuates the purpose of § 1112(b)(1), which is 'to preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the

11

creditors' expense when there is no hope of rehabilitation.'" *In re Rand*, No. BAP.AZ-10-1160-BAPAJ, 2010 WL 6259960, at *4 (B.A.P. 9th Cir. Dec. 7, 2010) (internal citations omitted). "To determine whether there is continuing loss to, or diminution of, the estate, the bankruptcy court must look beyond financial statements and fully evaluate the present condition of a debtor's estate." *Id*.

31. Here, each of the Debtor's monthly operating reports show $0 for every entry. ECF Nos. 30, 62, and 104. The Debtor has no funds whatsoever: nothing in any accounts, no cash receipts, no cash disbursements, and no receivables. *Id*. Thus, while incurring administrative expenses (such as attorney's fees), the Debtor has made $0 during the pendency of its chapter 11 case, resulting in a diminution of the estate.

32. There is also no reasonable likelihood of rehabilitation. The Debtor filed its plan on July 11, 2022. ECF No. 89. The Debtor alleges its "initially will be funded with a $500,000 unsecured loan on the Effective Date by one or more of the Debtor's equity security holders." *Id*. No additional information regarding the $500,000 unsecured loan is provided.

33. In addition, the Debtor's attached profit and loss statement projects gross revenue in year one of the plan of $1,729,020. *Id*. To date, however, the Debtor has shown $0 in income. The plan states that the "Debtor plans to capitalize on the research of Drs. Bady and Mohajer by producing, marketing, and selling a proprietary CBD . . . formulation to medical care providers as a substitute for opioids . . . ." *Id*. But nothing in the plan supports this generalized, speculative goal, nor is any information provided from which creditors (or the court) can determine if the $1.7 million in revenue for year one (plus $2.5 million for year two and $3.8 million for year three) is remotely realistic. Rather, based on the Debtor's MORs and plan, there

is no reasonable likelihood of rehabilitation.[4]  Therefore, there is sufficient cause to dismiss this case under section 1112(b)(4)(A).

### D.  Once Cause is Established, Debtor has the Burden of Establishing All Elements of the Statutory Defenses Available under 11 U.S.C. § 1112(b)(2)

34.  Once "cause" is established, the burden then shifts to the debtor to demonstrate that § 1112(b)(2) precludes relief under § 1112(b)(1). *See (In re Sanders),* 2013 Bankr. LEXIS 4681 at *18-19 (B.A.P. 9th Cir. April 11, 2013).  The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." *See* 11 U.S.C. § 1112(b)(1). For the exception to apply: (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time. *See Warren v. Young (In re Warren),* 2015 Bankr. LEXIS 1775 at *11-12 (B.A.P. 9th Cir. May 28, 2015).  As noted, the debtor bears the burden of proving that unusual circumstances are present in the case that render dismissal or conversion not in the best interest of creditors or the estate. *In re Sanders*, 2013 Bankr. LEXIS 4681 at *18-19.

35.  In addition to establishing unusual circumstances, a debtor or other respondents seeking to avoid conversion or dismissal must establish the requirements set forth in section 1112(b)(2)(A)–(b)(2)(B).  Section 1112(b)(2) provides:

> . . . *and* the debtor or any other party in interest establishes that–

---

[4] "The issue of rehabilitation for purposes of § 1112(b)(4)(A) 'is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort.'" *In re Rand*, 2010 WL 6259960, at *4 (internal cite omitted).

13

> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; *and*
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)
> (I) for which there exists a reasonable justification for the act or omission; *and*
> (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2) (emphasis added).

36. Importantly, the Debtor must establish each of the statutory elements set forth under section 1112(b)(2) because the statute is written in the conjunctive. *In re Om Shivai, Inc.*, 447 B.R. 459, 465 (Bankr. D.S.C. 2011); *Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 717 (Bankr. D. Md. 2011).

37. The record does not disclose any unusual circumstances that would establish justification against granting the relief requested in the motion. In addition, the Debtor must demonstrate that the relief requested in the motion is not predicated upon section 1112(b)(4)(A), which it is in part.

**E.  This Case Should Be Dismissed, not Converted.**

38. Conversion would be an inappropriate remedy. Debtor is a corporate entity and thus ineligible to receive a discharge in chapter 7. In addition, if the case were converted, a chapter 7 trustee's pursuit of any potential avoidance actions former members would put the trustee in jeopardy of violating federal law. As the Court stated in *Arenas II* regarding that Chapter 7 case, "[a]dministering the debtors' Chapter 7 estate would require the Trustee to either violate federal law by possessing and selling the marijuana assets or abandon them. If he did the former, the Trustee would be at risk of prosecution; if he did the latter, the creditors would receive nothing while the debtors would retain all of their assets . . . ." *Arenas II,* 535 B.R. at 854.

## IV. CONCLUSION

**WHEREFORE**, the United States Trustee respectfully requests that the Court dismiss the Debtor's chapter 11 case.

Dated: <u>August 4, 2022</u>

                                                  **TRACY HOPE DAVIS**
                                                  **UNITED STATES TRUSTEE, REGION 17**

                                    By:    <u>*/s/ Cameron M. Gulden*</u>
                                                       Cameron M. Gulden
                                                       Trial Attorney

# EXHIBIT A

# PROPOSED FORM OF ORDER

Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Cameron M. Gulden, Trial Attorney
State Bar No. MN 310931
*cameron.m.gulden@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Ste. 4300
Las Vegas, NV 89101
Tel.: (702) 388-6600
Fax: (702) 388-6658

Attorneys for the United States Trustee for Region 17
    TRACY HOPE DAVIS

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>**NUVEDA, LLC, A NEVADA LIMITED LIABILITY COMPANY,**<br><br>                      Debtor. | Case No: BK-S-22-11249-ABL<br>Chapter 11, Subchapter V<br><br>Date:   September 7, 2022<br>Time: 1:30 p.m.<br>Place: Telephonic, ABL Courtroom |

**<u>ORDER DISMISSING CASE</u>**

      Based on the *United States Trustee's Motion to Dismiss Case* (the "Motion"), the hearing held on September 7, 2022 (appearances noted on the record), the Court having stated on the record its findings of fact and conclusions of law, which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052, and Federal Rule of Civil

Procedure 52, with good cause having been shown,

    **IT IS HEREBY ORDERED** that the Motion is **GRANTED**; and,

    **IT IS FURTHER ORDERED** that this case is **DISMISSED**.

    **IT IS SO ORDERED.**

Submitted by:

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: _/s/ Cameron M. Gulden_
    Cameron M. Gulden, Esq.
    United States Department of Justice
    Attorney for the United States Trustee

RULE 9021 DECLARATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the Court's ruling and that:

☐ The court has waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| APPROVE/DISAPPROVE | APPROVE/DISAPPROVE |
|---|---|
| Nathan A. Schultz, Esq.<br>Law Office of Nathan A. Schultz, P.C.<br>10621 Craig Rd.<br>Traverse City, MI 49686<br><br>*Counsel for the Debtor* | Mitchell D. Stipp, Esq.<br>Law Office of Mitchell Stipp<br>1180 N. Town Center Drive, Suite 100<br>Las Vegas, NV 89144<br><br>*Counsel for the Debtor* |

☐ I certify that this is a case under Chapter 7 or 13, that I served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

By: */s/ Cameron M. Gulden*
Cameron M. Gulden, Esq.
United States Department of Justice
Attorney for the United States Trustee