MITCHELL STIPP, ESQ.
Nevada Bar No. 7531
**LAW OFFICE OF MITCHELL STIPP, P.C.**
1180 N. Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Telephone: (702) 602-1242
Email: mstipp@stipplaw.com

NATHAN A. SCHULTZ, ESQ.
California Bar No. 223539 [Admitted *Pro Hac Vice*]
**LAW OFFICE OF NATHAN A. SCHULTZ, P.C.**
10621 Craig Road
Traverse City, MI 49686
Telephone: (310) 429-7128
Email: nschultzesq@gmail.com

*Co-Counsel for Debtor and Debtor In Possession*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUVEDA, LLC, a Nevada limited liability company,<br><br>        Debtor. | Case No. BK-22-11249-abl<br><br>Chapter 11 (Subchapter V)<br><br>**RESPONSE TO CCB'S MOTION FOR DECLARATORY RELIEF**<br><br>Hearing Date: August 24, 2022<br>Hearing Time: 1:30 p.m.<br>Place: Telephonic, ABL Courtroom |

    NuVeda, LLC (the "Debtor"), debtor and debtor in possession in the above-referenced chapter 11 bankruptcy case (the "Chapter 11 Case"), respectfully submits this response to the Motion for Declaratory Relief ("Motion," Dkt. No. 96), filed by the Cannabis Compliance Board ("CCB"). In support of this response, the Debtor relies upon the Declaration of Dr. Pejman Bady (the "Bady Declaration") filed as Dkt. No. 118-1, the Declaration of Mitchell Stipp separately filed in support hereof ("Stipp Declaration"), and the record in this case.

1

## MEMORANDUM

As the court is aware, the CCB filed a limited joinder to Jennifer Goldstein's motion to dismiss the Debtor's bankruptcy. See Dkt. No. 92 ("CCB Joinder"). The CCB Joinder relies upon the Declaration of Emily N. Bordelove, Senior Deputy Attorney General ("Bordelove Declaration," Dkt. No. 94). According to the CCB Joinder, "Debtor's ownership interest [in Clark NMSD, LLC ("Clark NMSD") and Nye Natural Medicinal Solutions, LLC ("Nye Natural")] was not ***formally transferred*** under the CCB." See CCB Joinder, Dkt. No. 92, page 2 (line 8) (emphasis added). The CCB in its filing does not explain what it means by the phrase "formally transferred." However, it seems that the CCB may be acknowledging that its records are not complete (from the transition of regulatory oversight by the Nevada Department of Taxation to the CCB on July 1, 2020). As pointed out by the Debtor, the records of the CCB clearly do not show that the Debtor has a cannabis license or owns any interest in a cannabis licensed entity. See Bady Declaration, (para. 6 and 7) (Exhibits 5-8).

On June 12, 2019 (the date of the transaction whereby Debtor divested itself of interests in Clark NMSD and Nye Natural), change of ownership was governed by Nevada Administrative Code § 453D.315(5), which was subsequently repealed but provided as follows:

> A transfer of an ownership interest in any amount in a marijuana establishment is not effective until ***the Department has been notified*** on a form prescribed by the Department of the intent to transfer an ownership interest in the marijuana establishment and the Department has found that ***each person to whom an ownership interest is proposed to be transferred is individually qualified to be an owner of the marijuana establishment***.

(emphasis added). As confirmed by the Bady Declaration, the Nevada Department of Taxation received notice of the change of ownership applications and Dr. Bady, Dr. Mohajer, and Mr. Kennedy were already individually qualified to be owners. Even the CCB recognizes that NuVeda, LLC, a Delaware limited liability company ("NuVeda DE"), is owned by the same individuals in the same percentages as they own the Debtor. ***Accordingly, the transfer was effective***. This conclusion may

1  be the reason why the CCB Joinder focuses on the injunctions filed in Case No. A-17-755479-B.  In
2  other words, the CCB wants a basis to claim the transfers could not have occurred regardless of notice
3  and prior approval of Dr. Bady, Dr. Mohajer, and Mr. Kennedy as owners.  However, as pointed out
4  by the Debtor, the injunctions do not apply because the Debtor paid its judgment.  See Bady
5  Declaration (para. 1; Exhibit 1).

## POSITION ON AUTOMATIC STAY

9  The Debtor does not have any interest in Clark NMSD or Nye Natural.  The Debtor's operating
10 agreement prohibits the Debtor from being involved in the cannabis business.  See Bady Declaration
11 (para. 5; Exhibit 4).  Further, the Debtor will amend its plan of reorganization on file explicitly to
12 clarify Debtor's abandonment of any rights or interests related to Clark NMSD and Nye Natural.
13 Time, money, and resources could have been saved if the CCB accepted the Debtor's offer to answer
14 questions, provide documents, and enter a stipulation.  See Stipp Declaration, Exhibit 1.  To be direct,
15 Debtor was blindsided by the CCB Joinder and the Motion.

17 For the reasons set forth above, the automatic stay does not apply to Clark NMSD and Nye
18 Natural.  As a result, the Debtor does not need to address whether Section 362(b)(4) applies. Debtor
19 has absolutely no objection to the court entering an order confirming that the automatic stay under
20 Section 362(a) of the Bankruptcy Code does not apply to the CCB's regulation of Clark NMSD and
21 Nye Natural.

23 ///
24 ///
25 ///
26 ///

DATED this 10th day of August, 2022.

Respectfully submitted by:

**LAW OFFICE OF MITCHELL STIPP, P.C.**

By: ___/s/Mitchell Stipp_____
    MITCHELL STIPP, ESQ.
    Nevada Bar No. 7531
    1180 N. Town Center Drive, Suite 100
    Las Vegas, Nevada 89144

*Co-Counsel for Debtor and Debtor in Possession*