AARON D. FORD
   Attorney General
Ashley A. Balducci (Bar No. 12687)
   Senior Deputy Attorney General
Emily N. Bordelove (Bar No. 13202)
   Senior Deputy Attorney General
Office of Attorney General
555 E., Washington Ave., Ste. 3900
Las Vegas, NV 89101
(702) 486-3420 (phone)
(702) 486-3768 (fax)
abalducci@ag.nv.gov
ebordelove@ag.nv.gov

*Attorneys for State of Nevada,*
*ex rel. Cannabis Compliance Board &*
*the Department of Taxation*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | BK-22-11249-abl<br>Chapter 11 (Subchapter V) |
| NUVEDA, LLC, a Nevada limited<br>liability company, | |
| Debtor(s) | |

## STIPULATION BY AND AMONG DEBTOR, THE CANNABIS COMPLIANCE BOARD, AND THE DEPARTMENT OF TAXATION

This stipulation ("Stipulation") is made by and between debtor NuVeda LLC ("Debtor"), by and through its counsel, Mitchell Stipp, Esq. and Nathan A. Schultz Esq., and the State of Nevada, *ex rel.* the Cannabis Compliance Board ("CCB") and the Department of Taxation ("DOT"), by and through their counsel of record, Attorney General Aaron D. Ford, Senior Deputy Attorney General Emily N. Bordelove, Senior Deputy Attorney General Ashley A. Balducci, and is predicated upon the following:

1.    The CCB is the regulatory body over cannabis establishments and cannabis establishment agents in the State of Nevada.

2.    The DOT regulates, imposes, and collects taxes for doing business in the State of Nevada.

3.    Debtor filed its petition for bankruptcy on or about April 11, 2022. This

petition enacted an automatic stay of "the commencement or continuation, including … other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 USC § 362 (a)(1).

4.    The CCB and the DOT seek to maintain their regulatory authority over cannabis establishments and cannabis establishment agents in the State of Nevada.

5.    11 USC § 362(b)(4) provides exceptions to the automatic stay under subsection (a) in pertinent part:

> (b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—
>
> …
>
> (4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit … to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power;

6.    The CCB agrees that, by entering into this Stipulation and upon entry by the United States Bankruptcy Judge of the associated Order approving this Stipulation, the CCB's Joinder to the Motion to Dismiss [dkt. 92] and Motion for Declaratory Relief [dkt. 96] shall be deemed withdrawn.

7.    Further, the CCB and the DOT stipulate and agree that, upon entry by the United States Bankruptcy Judge of the associated Order approving this Stipulation, neither will file an opposition in this case to the Debtor's position that Debtor does not own any interest in any cannabis establishments including, without, limitation, Clark NMSD, LLC ("Clark NMSD") and Nye Natural Medicinal Solutions, LLC ("Nye Natural"). However, the CCB reserves all rights and remedies to take any action regarding any transfers which violated Nevada laws and regulations which governed the same.  Similarly, the DOT reserves all rights and remedies to take any action regarding any tax liabilities within the DOT's jurisdiction and collection of the same

from any and all persons liable including, but not limited to, responsible persons pursuant to NRS 360.297 and successors pursuant to NRS 360.525.

**NOW, THEREFORE**, Debtor, the CCB, and the DOT stipulate as follows:

1. Debtor, the CCB, and the DOT have met, conferred, and agreed to stipulate that 11 U.S.C. § 362(a)'s automatic stay in this matter does not apply to any action or proceeding instituted or maintained by the State of Nevada, *ex rel*. Cannabis Compliance Board or the Department of Taxation involving the Debtor, Clark NMSD, or Nye Natural.

2. Upon entry by the United States Bankruptcy Judge of the associated Order approving this Stipulation, the CCB's Joinder to the Motion to Dismiss [dkt. 92] and Motion for Declaratory Relief [dkt. 96] shall be deemed withdrawn.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

3. Further, upon entry by the United States Bankruptcy Judge of the associated Order approving this Stipulation, the CCB and the DOT stipulate and agree not to file an opposition in this case to the Debtor's position that Debtor does not own any interest in any cannabis establishments including, without, limitation, Clark NMSD and Nye Natural. However, the CCB reserves all rights and remedies to take any action regarding any transfers by Debtor in Clark NMSD and Nye Natural that violated Nevada laws and regulations which governed the same. Similarly, the DOT reserves all rights and remedies to take any action regarding any tax liabilities within the DOT's jurisdiction and collection of the same from any and all persons liable including, but not limited to, responsible persons pursuant to NRS 360.297 and successors pursuant to NRS 360.525.

DATED this 23rd day of August, 2022.

LAW OFFICE OF MITCHELL STIPP, P.C.

*/s/ Mitchell Stipp*
MITCHELL STIPP, ESQ.
Nevada Bar No. 7531
1180 N. Town Center Drive, #100
Las Vegas, Nevada 89144

*Co-Counsel for Debtor*
*and Debtor In Possession*

DATED this 23rd day of August, 2022

AARON D. FORD
Attorney General

Emily N. Bordelove (Bar No. 13202)
Senior Deputy Attorney General
Ashley A. Balducci (Bar No. 12687)
Senior Deputy Attorney General

*Attorneys for State of Nevada, ex rel.*
*Cannabis Compliance Board and*
*Department of Taxation.*